**Dewey McDONALD, Appellant,**

**v.**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR; Todd Shipyards Corporation; Travelers Insurance Company, Appellees.**

**No. 88–7404.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 1989.

Decided March 12, 1990.

Steven M. Birnbaum, San Francisco, Cal., for claimant-appellant.

Cynthia L. Sletto, Hanna, Brophy, Mac-Lean, McAleer & Jensen, San Francisco, Cal., for employer/carrier-appellees.

Michael S. Hertzig, U.S. Dept. of Labor, Washington, D.C., for Director, Office of Workers' Compensation Programs, appellee/party-in-interest.

Before SCHROEDER, NELSON and WIGGINS,* Circuit Judges.

NELSON, Circuit Judge:

Appellant Dewey McDonald, who suffers from pulmonary disease, was awarded disability benefits from his employer, appellee Todd Shipyards. Subsequent to this award, the Ninth Circuit altered the formula used to calculate such benefits, and appellant petitioned to have his benefits adjusted accordingly. The Benefits Review Board denied the request finding first that modification was inappropriate based solely on a change in the law and, second, that statutory amendments codifying the change in law did not apply to this case. We reverse, finding that the Board erred in failing to apply the amendments to the instant case.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Dewey McDonald suffered pulmonary disease while working for appellee Todd Shipyards at various times through January 1956. In July 1978, he became aware that his lung condition was related to exposure to asbestos, and he subsequently filed a claim for benefits. An administrative law judge ("ALJ") awarded McDonald temporary total disability benefits from December 1978 to May 1979 and permanent total disability benefits for the next two years. The Special Fund was responsible for the payment of benefits thereafter. 33 U.S.C. § 908(f).

The ALJ computed McDonald's average weekly salary based on his "last injurious exposure" pursuant to *Dunn v. Todd Shipyards Corp.*, 13 BRBS 647 (1981). After this decision became final, the Ninth Circuit overruled *Dunn*, holding that in occupational disease cases the average weekly wage is to be determined with reference to the salary earned at the time the claimant's injury became manifest. *See Todd Shipyards Corp. v. Black*, 717 F.2d 1280, 1292 (9th Cir.1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984). In June 1983, McDonald petitioned to have his benefits modified in accordance with *Black* under § 22[1] of the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "the Act"), 33 U.S.C. § 901 *et seq.*, or, conversely, under the 1984 Amendments to the LHWCA which codified *Black*. The ALJ denied both requests holding (1) that modification of benefits sought under § 22 of the LHWCA could not be based solely on a change in the law, and (2) that the 1984 Amendments were inapplicable since the case was not "pending" within the meaning of the Act on the date on which they became effective.

Appellant appealed the denial of his petition for modification to the Benefits Review Board of the U.S. Department of Labor. The Board upheld the decision of the ALJ as to both the § 22 claim and the 1984 Amendments claim. The instant appeal followed. The Director of the Labor Department's Office of Workers' Compensation Programs has filed a "party-in-interest" brief in support of appellant.[2]

## DISCUSSION

I. *Standard of Review*

The Benefits Review Board reviews the ALJ's findings of fact to see if they are

---

* Judge Wiggins was unable to be present for oral argument, but an audio cassette of the argument was available for his review.

1. Section 22 permits modification of a decision based on a mistake in fact in the initial decision or on a change in claimant's condition. 33 U.S.C. § 922.

2. Although he advocates the position advanced by appellant, the Director is named as appellee in this action. *Cf. Goldsmith v. Director, OWCP*, 838 F.2d 1079 (9th Cir.1988) (Director must be named as respondent in actions under 33 U.S.C. § 921(c) whether or not he supports respondent's position).

supported by substantial evidence. 33 U.S.C. § 921(b)(3). The Board's decisions are reviewed here for adherence to the statutory standard governing the review of facts and for errors of law. *Todd Shipyards v. Director, Office of Workers' Compensation Programs ("OWCP")*, 792 F.2d 1489, 1491 (9th Cir.1986). Because the Board is not a policymaking agency, its interpretation of the LHWCA is not entitled to any special deference; the court must, however, respect the Board's interpretation of the statute where such interpretation is reasonable and reflects the policy underlying the statute. *Id.; Long v. Director, OWCP*, 767 F.2d 1578, 1580 (9th Cir.1985).

By contrast, the court must accord "considerable weight" to the construction of the statute urged by the OWCP Director. *Director, OWCP v. Palmer Coking Coal Co. ("Manowski")*, 867 F.2d 552, 555 (9th Cir. 1989). However, "that deference stops short of contravening plain statutory language." *Id.* This distinction in the deference owed the Director and the Board is significant in the instant case where their positions conflict with respect to the issues raised on appeal.

## II. *The § 22 Claim*

Appellant seeks a modification of his benefits under § 22 of the Act. He acknowledges that this relief is unavailable where it is requested solely on the basis of a change in the law, but contends that the instant case presents mixed questions of law and fact. Appellees disagree.

Appellant relies principally on *Presley v. Tinsley Maintenance Serv. and Mid–Continent Underwriters Ins.*, 9 BRBS 588 (1979). In *Presley*, the claimant received a scheduled award of compensation for 35% loss in the use of his hand, without provision for further medical treatment. When further surgery became necessary, Presley sought modification of the award alleging, *inter alia*, that the initial award had been based on a mistake of fact in that the deputy commissioner issuing the final award had failed to consider the economic loss occasioned by the injury. In support of this argument, the claimant noted that he was unable to find employment after his surgery and thus suffered a loss of wage earning capacity greater than that provided by the schedule. The Benefits Review Board agreed with Presley and held that modification was therefore appropriate since the failure to consider claimant's economic loss presented a mixed question of fact and law.

■ *Presley* is distinguishable from the instant case. While in both cases the claimant's condition did not change between the entry of the initial award schedule and the petition for modification, only in *Presley* was the original award *factually* in error. Presley's original award schedule was found to be in error on the basis of newly discovered *factual* information, *i.e.* that the economic loss which he had suffered was inadequately accounted for by the deputy commissioner. This error occurred apart from any change in the law. In the instant case, by contrast, the petition for modification lists no new factual information; the sole basis for the request is a change in the law governing the calculation of benefits, and this is precisely what § 22 is meant to avoid.

The Director focuses on *Banks v. Chicago Grain Trimmers Ass'n*, 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968), which discusses the legislative history of § 22 and the scope of its "mistake" ground for relief. In *Banks*, a widow filed a claim for benefits alleging that her husband's death was caused by a blow which he sustained at work. The claim was denied. She subsequently brought a second claim alleging that the death resulted from a different work-related injury. She prevailed this time around and the Supreme Court concurred, finding that because the husband's cause of death was a question of fact, the § 22 proceeding was proper.

This holding has no bearing on the instant case which is concerned solely with a change in the law and is devoid of any new factual evidence. The other cases discussed by the Director are likewise inapposite. *See, e.g., O'Keeffe v. Aerojet–General Shipyards, Inc.*, 404 U.S. 254, 92 S.Ct.

405, 30 L.Ed.2d 424 (1971); *O'Leary v. Brown–Pacific–Maxon, Inc.*, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951). While they advocate an expansive view of "mistake of fact", they fall short of proclaiming that a change in the law may constitute a mistake of fact in and of itself, and that is exactly the situation here.

The Director argues additionally that the interests of justice, although not part of the statutory standard for § 22 reopening, are best served by reopening McDonald's claim since the claimant's weekly wage at the time of last exposure was "paltry" in comparison to his salary at the time in which the disease became manifest. The First Circuit has noted, to this end, that while the basic criterion is whether reopening will "render justice" under the LHWCA, "[a] bare claim of need to reopen to serve the interests of justice [ ] is not enough. In deciding whether to reopen a case under § 22, a court must balance the need to render justice against the need for finality in decision making." *General Dynamics Corp. v. Director, OWCP*, 673 F.2d 23, 25 (1st Cir.1982).

In view of this standard, the Board has repeatedly held that § 22 does not apply to questions of law which are decided against a party.[3] *See, e.g., Stokes v. George Hyman Constr. Co.*, 19 BRBS 110, 113 (1986) (claim that disability benefits were calculated under wrong section of the Act is "pure question of law" not subject to § 22 modification); *Smith v. The American Univ.*, 14 BRBS 875, 879 (1984) (employer's claim that appellee was partially, rather than totally, disabled presents a question of law outside the scope of § 22 modification); *Swain v. Todd Shipyards Corp.*, 17 BRBS 124 (1985) (alleged error on part of ALJ in excluding medical reports is question of legal interpretation and is therefore outside the scope of § 22 modification). Accordingly, notwithstanding the difference in appellant's benefits under the two formulas, the court may not allow a non-statutory recalculation to serve the interests of justice in this case.

The Director also asks that these proceedings be held in abeyance pending the outcome of the petition for rehearing in *Manowski* since it "might affect this case." This is a peculiar request since, as both the Director and appellees agree, *Manowski* is distinguishable from the instant case. *Manowski* concerned the authority of a deputy commissioner to modify an ALJ's final order. In the instant case, by contrast, appellant initiated the modification proceedings which were acted upon by the ALJ who issued the original order. Thus, the ultimate disposition of *Manowski* has no bearing on this case and the decision to deny the Director's motion to stay these proceedings should be upheld.

### III. *The 1984 Amendments Claim*

As mentioned earlier, the 1984 Amendments to the LHWCA codified the formula for calculating benefits forwarded in *Black*. These amendments apply to claims pending on the date of enactment, *i.e.* September 28, 1984. *See* LHWCA, Pub.L. No. 98–426(g), § 28(a), 98 Stat. 1639, 1655 (1984). A pending claim is one in which a final order has not been entered. *Yalowchuk v. General Dynamics Corp.*, 17 BRBS 131 (1985). Because the ALJ's Decision and Order became final in March 1982, appellees argue that the amendments cannot apply here. Appellant contends, on the other hand, that his case was in fact pending in September 1984 since his § 22 motion had yet to be acted upon.

McDonald relies principally on *Kellis, Overman, Topping and Copper v. Director, OWCP*, 17 BRBS 109 (1985). In that case, appeals from the ALJ's original order and the denial of claimant's § 22 motion for modification were pending concurrently. The Board consolidated the two and vacated the ALJ's decisions, directing that the cases be adjusted to conform with the 1984 Amendments on remand. Likewise, in *Osmundsen v. Todd Pacific Shipyard*, 755 F.2d 730 (9th Cir.1985), the amendments were held to apply where the appeal from the ALJ's original Decision

---

**3.** As aforementioned, neither the Director nor the appellant take issue with this principle;

rather, they argue that the instant case presents a mixed question of law and fact.

and Order was pending on the date of enactment. *See also Ronne v. Jones Oregon Stevedoring Co.*, 19 BRBS 183 (1987); *Yalowchuk*, 17 BRBS 131 (1985).

■ However, an appeal from the ALJ's original decision and order need not have been pending on September 17, 1984 for the amendments to apply to a § 22 motion. For example, in *Downs v. Director, OWCP*, 803 F.2d 193 (5th Cir.1986), the court held that the amendments applied to appellant's § 22 motion, even though it was the *only* motion pending on their effective date.[4] While we are not bound by this decision, it is instructive in light of procedural similarity between *Downs* and the instant case. Moreover, the legislative interest in rendering justice under the Act suggests a broad interpretation of the "pending claims" provision. *See Voris v. Eikel*, 346 U.S. 328, 333, 74 S.Ct. 88, 91, 98 L.Ed. 5 (1953) (The LHWCA "must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results.").

Thus, we hold that where, as here, a § 22 motion for modification of benefits was pending on the effective date of 1984 Amendments to the LHWCA, the amendments shall apply to that motion. Accordingly, we reverse the decision below and remand with instructions to recalculate appellant's benefits in accordance with the formula specified.

REVERSED AND REMANDED.

---

**4.** The court held that the case was pending "within the ordinary understanding of that word." 803 F.2d at 198 n. 9 (citing Black's Law Dictionary 1021 (5th ed. 1979) ("Began, but not yet completed ... unsettled, undetermined; in the process of settlement or adjustment".).