GENERAL SHIP SERVICE; Liberty
Mutual Insurance Company,
Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS; Mae
Barnes, Respondents.

No. 90–70247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 1991.

Decided July 10, 1991.

Jack A. Pollatsek, Goshkin, Pollatsek, Meredith & Lee, Inc., San Francisco, Cal., for petitioners.

Michael S. Hertzig, U.S. Dept. of Labor, Washington, D.C., for respondent Director, Office of Workers' Compensation Programs.

Victoria Edises, Kazan, McClain, Edises & Simon, Oakland, Cal., for respondent Barnes.

Before D.W. NELSON, KOZINSKI and T.G. NELSON, Circuit Judges.

KOZINSKI, Circuit Judge.

This is an appeal from a Benefits Review Board (BRB) decision awarding claimant Mae Barnes benefits pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. The BRB determined that General Ship Service was liable for the benefits as the last responsible employer and that Liberty Mutual was the responsible insurance carrier. General Ship Service and Liberty Mutual appeal these determinations.

### Facts and Prior Proceedings

Eugene Barnes died on February 11, 1985 of lung cancer that arose from occupational exposure to asbestos. His widow, Mae Barnes, filed a claim against General Ship Service seeking death benefits under the LHWCA as well as disability benefits that accrued to her husband before he passed away.

An ALJ found that decedent was occupationally exposed to asbestos while employed by two different maritime employers during the last quarter of 1944, the last year of decedent's exposure to asbestos while working in a shipyard: General Ship Service and Fedde Marine Cleaning Company. The ALJ based this determination on decedent's deposition testimony and his social security earnings record. Neither source indicated which employer the decedent worked for last. The ALJ, applying *Susoeff v. San Francisco Stevedoring Company*, 19 BRBS 149 (1986), found that General Ship Service was the last responsible employer and held it liable for all benefits.

The ALJ determined that Liberty Mutual provided General Ship Service with Longshore coverage during the last quarter of 1944. The ALJ based this determination on the fact that OWCP records indicated that Liberty Mutual was the Longshore carrier for General Ship Service during August 1944, May 1945 and September 1945. Also, an index card maintained by the OWCP indicated that Liberty Mutual was the carrier for General Ship Service on September 22, 1944. Because Liberty Mutual presented no contrary evidence, the ALJ concluded that the "reasonable inference" was that Liberty Mutual insured General Ship Service during the last quarter of 1944, and held it liable for all the compensation benefits. ALJ Decision and Order—Awarding Benefits, ER of General Ship Service and Liberty Mutual, Tab B, at 7.

The BRB affirmed the ALJ decision. General Ship Service and Liberty Mutual appeal.

### Discussion

#### I. Last Responsible Employer

■ The ALJ applied *Susoeff v. San Francisco Stevedoring Company*, 19 BRBS 149 (1986), to find that General Ship Service was the last responsible employer.[1] In *Susoeff*, the BRB held that an employer who has exposed an employee to injurious stimuli can escape liability by demonstrating that the employee was also exposed to injurious stimuli while performing the work covered under the Act for a subsequent employer. 19 BRBS at 151. The ALJ here held that

> the *Susoeff* ruling [that] the employer can escape liability by demonstrating the employee was exposed to such stimuli while performing work covered under the Act for a subsequent employer indicates the burden of establishing both injurious exposure and subsequent employment is on the employer claimed against.

ALJ Decision and Order at 5. Because General Ship Service exposed Mr. Barnes to asbestos and was not able to prove that he was exposed to asbestos through subsequent employment, the ALJ held it liable for the benefits.

General Ship Service argues that, as there is no way of knowing whether decedent last worked for General Ship Service or Fedde Marine, *Susoeff* is inapplicable and the ALJ should have held the two employers jointly liable for the benefits.

■ The Director urges us to adopt the *Susoeff* rule and uphold the ALJ and BRB. This is a question of law that we review de novo, but in doing so we must accord "considerable weight" to the construction of the statute urged by the Director who is charged with administering it. *McDonald v. Director, OWCP*, 897 F.2d 1510, 1511–12

1. Longshore workers often have multiple employers. Under the LHWCA, liability for benefits falls on the last employer covered under the Act in whose employ the worker was exposed to injurious stimuli prior to the date on which the employee became aware that he was suffering from an occupational disease. *Travelers Insurance v. Cardillo*, 225 F.2d 137 (2d Cir.), cert. denied, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955); *Cordero v. Triple A Machine Shop*, 580 F.2d 1331 (9th Cir.1978), cert. denied, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979).

(9th Cir.1990). Here, we defer to the Director's construction because it is a reasonable interpretation of the statute and accompanying case law. The purpose of the last employer rule is to avoid the complexities of assigning joint liability:

> Congress intended that the last employer be completely liable because of 'the difficulties and delays which would inhere in the administration of the Act' if attempts were made to apportion liability among several responsible employers.

*Todd Shipyards Corp. v. Black,* 717 F.2d 1280, 1285 (9th Cir.1983), cert. denied, 466 U.S. 937, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984) (citing *Cardillo,* 225 F.2d at 145). We agree with the Director that the last employer rule calls for a single employer to be liable.

■ But which one? Here, we just don't know which employer decedent last worked for. We defer to the Director's position that when the evidence does not clearly indicate which of the covered employers who exposed him to injury the employee *last* worked for, the purposes of the LHWCA are best served by assigning liability to the employer who is claimed against. Placing the burden of proof on an employer who has exposed the claimant to harm ensures that the claimant will recover for his injuries. Although somewhat arbitrary, this rule is analogous to the last employer rule, which "apportions liability in a fundamentally equitable manner because 'all employers will be the last employer a proportionate share of the time.'" *Todd Shipyards,* 717 F.2d at 1285 (quoting *Cordero,* 580 F.2d at 1336).

II. *Responsible Carrier*

■ Liberty Mutual contends that the ALJ's finding that it was the responsible carrier is not supported by the record. In

particular, it points to the gap in coverage documentation for the period of October 1 to December 31, 1944.

We must uphold the ALJ's finding if it was supported by substantial evidence. *McDonald,* 897 F.2d at 1512. We hold that it was. The paper trail in this case, as in many asbestos cases, is incomplete due to the passage of time. ALJs must draw reasonable inferences based on the evidence before them. The ALJ here drew the reasonable inference that coverage was continuous. Because Liberty Mutual, the only other party who could possibly produce records pertaining to the coverage issue, failed to present any evidence to the contrary, we hold that the ALJ's finding was supported by substantial evidence.[2]

AFFIRMED.

---

**2.** See *Dolowich v. West Side Iron Works and Zurich Insurance Company,* 17 BRBS 197 (1985). In *Dolowich,* a carrier challenged the ALJ's finding that it was responsible for benefits on the ground that the terms of its insurance contract were unknown, hence the existence of applicable coverage had not been proven. The BRB said the following in upholding the ALJ:

> Although the precise terms of coverage are unknown because the insurance policies are

apparently no longer available, this does not absolve the carrier of liability in this case. The carrier has the burden to show inapplicability of the insurance policy because the relevant documents could only be within the carrier's exclusive control.

Id. at 200.