958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matson TERMINALS, Plaintiff/Appellant,
v.
DIRECTOR, OWCP, UNITED STATES DEPARTMENT OF LABOR; Oakland
Container Terminals and Tokio Marine Management, Inc.,
Employer/Carrier; Container Stevedoring Company and
Crawford & Company, Employer/Carrier, Real Parties In
Interest, Defendants/Appellees.
 No. 90-70686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Decided March 23, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Matson Terminals appeals from the Benefits Review Board's (BRB) decision finding it liable for claimant Roberts' total disability. Because Matson was the last responsible employer within the meaning of the last employer rule, we affirm the holding of the BRB.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Lincoln Roberts filed a claim for benefits for total disability under the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq. Roberts, a longshore worker for nearly forty years, had a history of problems with his knees and back. On several separate occasions, while working for different employers, Roberts was injured and thus temporarily disabled. Specifically, on May 8, 1980, he sprained his lower back and fractured his rib. On November 29, 1980 he injured his left knee. The knee injury was aggravated by his work for almost twelve months--March 1, 1981 through February 16, 1982.
 
 
 4
 He worked for various employers until February 17, 1982, when his doctor (Dr. Kessler) declared him totally disabled because of back problems and injuries to both his knees. Roberts' last day of work before the onset of total disability was February 16, 1982. On that day, he worked for Matson. February 16 was Roberts' only day of employment with Matson.
 
 
 5
 Roberts filed a claim against the various employers, including Matson Terminals ("Matson"), respondent Container Stevedoring ("Container"), and respondent Oakland Container Terminals ("Oakland"). The employers conceded that Roberts' disability arose out of his employment, and therefore that he was entitled to recover under the LHWCA. They disputed, however, who should be held responsible.
 
 DISCUSSION
 A. Standard of Review
 
 6
 "The ALJ's decision is reviewed by the BRB under the 'substantial evidence' standard. 33 U.S.C. § 921(b)(3)." Todd Shipyards Corp. v. Black, 717 F.2d 1280, 1284 (9th Cir.1983), cert. denied, 466 U.S. 937 (1984). Under the provisions of the LHWCA, the BRB must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence. In turn, the court of appeals reviews BRB decisions for "errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." Bumble Bee SeaFoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir.1980). "The reviewing court's function is exhausted when it appears that there is warrant in the evidence and a 'reasonable legal basis' for the Board's award." Cordero v. Triple A Machine Shop, 580 F.2d 1331, 1333 (9th Cir.1978), cert. denied, 440 U.S. 911 (1979).
 
 B. Analysis
 
 7
 Matson's liability for Roberts' injuries under the LHWCA turns on the application of the last employer rule. The last employer rule "generally holds the claimant's last employer liable for all of the compensation due the claimant, even though prior employers may have contributed to the claimant's disability." Foundation Constructors v. OWCP, 950 F.2d 621, 623 (9th Cir.1991). The purpose of the last employer rule is to avoid the problems associated with apportioning liability among several employers. See, e.g., General Ship Service v. Director, OWCP, 938 F.2d 960, 962 (9th Cir.1991).
 
 
 8
 When disability is the result of cumulative trauma, as in this case, the last employer rule operates as follows:
 
 
 9
 If the disability resulted from the natural progression of a prior injury and would have occurred notwithstanding the subsequent injury, then the prior injury is compensable and accordingly, the prior employer is responsible. If, on the other hand, the subsequent injury aggravated, accelerated or combined with the claimant's prior injury, thus resulting in claimant's disability, then the subsequent injury is the compensable injury, and the subsequent employer is responsible.
 
 
 10
 Kelaita v. Director, OWCP, 799 F.2d 1308, 1311 (9th Cir.1986) (internal brackets and ellipses omitted). The greater part of the injury need not occur at the subsequent employer for this rule to apply. Port of Portland v. Director, OWCP, 932 F.2d 836, 839-40 (9th Cir.1991).
 
 
 11
 The BRB correctly affirmed the ALJ's finding that Robert's injury was aggravated by his employment at Matson. Although Roberts worked for Matson for only one day, and on that day he did not experience any specific trauma which can be linked causally to his disability, his one day at Matson was part of the cumulative trauma of 12 months of work which contributed to his disability. Matson contends that because no causal link can be shown between Roberts' disability and his work for Matson, it should not be held liable for his disability under the LHWCA.
 
 
 12
 The question we decide in this case is whether Roberts' employment by Matson for one day during the twelve months suffices to hold Matson liable, or whether Roberts must show that his one day at Matson itself contributed to his disability.
 
 
 13
 The LHWCA establishes a presumption that claimants are entitled to compensation. 33 U.S.C. § 920(a). Under this provision, "claimant need only show that [an] employee sustained physical harm and that conditions existed at work which could have caused the harm." Susoeff v. San Francisco Stevedoring Co., 19 BRBS 149, 151 (1986) (emphasis added). The burden then shifts to the employer to demonstrate that claimant's employment did not cause his injury. Id. All parties concede that Roberts suffered physical harm arising out of his employment. The only question, therefore, is whether conditions existed at Matson which could have caused this harm.
 
 
 14
 In Kelaita, the court found this test to be met where the claimant was engaged in the same general type of work as with prior employers, and had to use the same joints and muscles which were injured. 799 F.2d at 1312. Roberts need not prove actual pain or injury arising out of his employment with Matson, but rather only that his employment could have caused the injury. See Port of Portland, 932 F.2d at 840-41 (no causal medical relationship required; liability falls on last employer who could have contributed to injury); Lustig v. United States Dept. of Labor, 881 F.2d 593, 596 (9th Cir.1989) (finding liability where it was unlikely even that the last employer could have been responsible).
 
 
 15
 In this case, four doctors testified that continuing to work as a longshoreman would aggravate Roberts' injuries. Further, Dr. Mandell testified that there was no threshold period of time below which Roberts could work without danger of injury. Roberts did the same general type of work for a variety of employers during 1981 and 1982, and there is no evidence that his work for Matson was materially different or that it could not have contributed to his injuries. Substantial evidence supports the ALJ's conclusion that Roberts' work for Matson could have aggravated his injuries, and therefore that the section 920(a) presumption applies. Matson concedes that it has presented no evidence to rebut that presumption. Therefore, Matson is liable for Roberts' disability as his last responsible employer.
 
 
 16
 Matson also argues that Roberts' claim should be barred because he failed to file it or give notice in a timely fashion, in violation of 33 U.S.C. § 912 and § 913. Matson listed these as possible arguments in its Controversion of Claim, E.R. 2, and in its Pre-Hearing Statement, E.R. 3. Section 912 and 913 objections are waived if not raised before the ALJ. Alexander v. Ryan-Walsh Stevedoring Co., 23 BRBS 185, 187 (1990). Matson did not raise the timely filing or notice issues at the hearing before the ALJ, or in its post-hearing brief, thus they are waived.
 
 
 17
 The decision of the BRB is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3