**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

M. CUTTER COMPANY, INC., and
LIBERTY NORTHWEST INSURANCE
COMPANY,
                    *Petitioners,*

          v.

LARRY G. CARROLL and DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, THE UNITED STATES
DEPARTMENT OF LABOR,
                    *Respondents.*

No. 04-73937

OWCP Nos.
BRB-03-0189
2001-LHC-00385

OPINION

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted
July 28, 2006—Portland, Oregon

Filed August 15, 2006

Before: Alfred T. Goodwin, A. Wallace Tashima, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

9709

**COUNSEL**

John R. Dudrey, Williams Fredrickson, LLC, Portland, Oregon, for the petitioners.

Meagan A. Flynn, Preston Bunnell & Flynn, LLP, Portland, Oregon; Matthew W. Boyle, Appellate Attorney, U.S. Department of Labor, Washington, D.C., for the respondents.

---

**OPINION**

GRABER, Circuit Judge:

Claimant Larry G. Carroll sustained a disabling injury while working for Employer M. Cutter Company, Inc. Employer seeks review of the en banc decision of the Benefits Review Board ("Board") holding it liable for 24-hour attendant care for Claimant under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. We deny the petition.

On December 4, 1998, in the course of his employment with Employer, Claimant fell 30 feet from a crane boom walkway to the deck of a barge after his safety harness and lanyard failed. He suffered a closed head injury and concussion; fractures of his skull, left eye socket, and cheekbone; fractures of his left forearm and wrist; strains of his left knee and shoulder; lacerations of his right forearm and his scalp; a ruptured and avulsed spleen; traumatic anemia; left-sided hearing loss; cognitive impairment, especially with short term memory; and headaches. His treating physician, Dr. Carter, prescribed 24-hour attendant care.

Claimant filed a claim for 24-hour attendant care under the LHWCA. A formal hearing was held before an administrative law judge ("ALJ") in which the parties stipulated that Claim-

ant is permanently and totally disabled and that his injury arose out of and in the course of employment.

The ALJ found that Claimant is in need of 24-hour care. Indeed, that fact was acknowledged by Employer and agreed upon by both parties' life care planning expert witnesses. The ALJ then proceeded to inquire "who is to administer and pay for that care." He treated that question as an issue of fact. Crediting the testimony of Employer's expert, the ALJ concluded that Employer should be required to pay only for part-time attendant care for Claimant. He determined that Claimant's wife could meet Claimant's remaining care needs "without substantial disruption to her quality of life."

Claimant appealed the ALJ's Order to the Board, and the Board reversed the ALJ's denial of 24-hour paid supervision. Citing *Gilliam v. Western Union Telegraph Co.*, 8 BRBS 278 (1978), and *Timmons v. Jacksonville Shipyards, Inc.*, 2 BRBS 125 (1975), the Board held:

> It is axiomatic that employer is responsible for reasonable and necessary medical care related to the work injury. 33 U.S.C. § 907(a). As stated previously, this medical care may include attendant and domestic services. In this case, it is undisputed that all the doctors, including claimant's treating physician, advised 24-hour supervision of claimant. While the administrative law judge rationally found, based on [one expert's] report, that claimant does not need 24-hour paid licensed attendant care, it is nevertheless undisputed that claimant cannot be left alone. As all doctors agree that claimant must be supervised 24 hours per day, it was improper for the administrative law judge to hold employer liable for less than 24-hour per day supervision. Moreover, he erred in determining the compensability of required services based on claimant's wife's needs for respite rather

than on the uncontradicted evidence regarding the care necessary for claimant's condition.

(Citations omitted.)

Employer filed a motion for reconsideration en banc. The en banc Board granted the motion but affirmed the Board's decision, holding that,

> [b]y ignoring his own finding that claimant's need for 24-hour care is not in dispute and then holding employer liable for a lesser number of hours, the administrative law judge departed from the mandate of Section 7(a), which bases the extent of liability exclusively on a determination of the care necessitated by the injury.

Employer then filed this timely petition for review.

We review a decision of the Board for "errors of law" and for compliance with the substantial evidence standard. *Taylor v. Dir., OWCP*, 201 F.3d 1234, 1238 (9th Cir. 2000). The Board's interpretation of the LHWCA is a question of law that we review de novo. *Force v. Dir., OWCP*, 938 F.2d 981, 983 (9th Cir. 1991). Although we grant no "special deference" to the Board's construction of the LHWCA, we "must . . . respect the Board's interpretation of the statute where such interpretation is reasonable and reflects the policy underlying the statute." *McDonald v. Dir., OWCP*, 897 F.2d 1510, 1512 (9th Cir. 1990). Here, the Board's interpretation is a reasonable reading of the text of the statute, in keeping with its purpose.

**[1]** The en banc Board correctly identified and resolved the issue in this case as a matter of law. Claimant filed a claim for employer-provided attendant care under the LHWCA. Section 7(a) of the LHWCA provides, in pertinent part: "*The employer shall furnish* such medical, surgical, and *other*

*attendance* or treatment, nurse and hospital service, medicine, crutches, and apparatus, *for such period as the nature of the injury* or the process of recovery *may require*." 33 U.S.C. § 907(a) (emphasis added). Board precedent has held that the term "other attendance," as used in this section, encompasses reasonable and necessary attendant care related to a claimant's work injury. *Gilliam*, 8 BRBS at 280; *Timmons*, 2 BRBS at 130. Therefore, the only questions of fact properly before the ALJ under § 907(a) were whether Claimant needed attendant care and, if so, how much.

**[2]** The ALJ found as an undisputed fact that "Claimant is in need of 24-hour attendant care." Section 7(a) answers the question of who pays for that care as a matter of law, not leaving any additional relevant questions of fact for decision. Section 7(a) expressly mandates that the employer furnish the required care.

Petition DENIED.