**DILLINGHAM SHIP REPAIR;**
et al., Petitioners,

Bernice Schuchardt, (Widow of Lawton
F. Schuchardt), Claimant—
Respondent,

v.

UNITED STATES DEPARTMENT OF
LABOR; et al., Respondents,

Zidell Marine Corporation; et al.,
Real Parties in Interest.

No. 07–73611.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 25, 2009.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

586

Dennis R. Vavrosky, Vavrosky Maccoll Olsen & Pfeifer P.C., Portland, OR, for Petitioners.

James S. Coon, Esquire, Swanson Thomas & Coon, Portland, OR, for Claimant–Respondent.

Matthew W. Boyle, Esquire, Mark A. Reinhalter, Esquire, U.S. Department of Labor Office of the Solicitor, Washington, DC, for Respondent, Director, Office of Workers Compensation Programs.

Robert E. Babcock, Esquire, Babcock/Haynes LLP, Lake Oswego, OR, Norman Cole, Sather, Byerly & Holloway, LLP, John R. Dudrey, Esquire, Williams, Fredrickson & Stark, P.C., Portland, OR, Kenneth L. Kleinsmith, Esquire, Radler Bohy & Replogle, LLP, Beaverton, OR, Russell A. Metz, Esquire, Metz & Associates P.S., Seattle, WA, Gene Platt, Esquire, Newberg, OR, for Real Parties in Interest.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

MEMORANDUM *

Petitioner Dillingham Ship Repair petitions for review of a decision by the Benefits Review Board ("Board"), under 33 U.S.C. § 921(c) of the Longshore and Harbor Workers' Compensation Act ("Act"), 33 U.S.C. §§ 901–950. We review the Board's decision for "errors of law and for adherence to the statutory standard governing the Board's review of the adminis-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

trative law judge's [ALJ's] factual determinations." *Todd Shipyards Corp. v. Black,* 717 F.2d 1280, 1284 (9th Cir.1983) (internal quotation marks omitted). The Board "must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence." *Id.* Finding no error, we deny the petition for review.

This case concerns which employer is liable for causing an asbestos-related disease and the ultimate death of the claimant's husband. This circuit has adopted the "last employer rule," whereby "the employer during the last employment in which the claimant was exposed to injurious stimuli, prior to the date upon which the claimant became aware of the fact that he was suffering from an occupational disease arising naturally out of his employment, [is] liable for the full amount of the award." *Travelers Ins. Co. v. Cardillo,* 225 F.2d 137, 145 (2d Cir.1955); *see Found. Constructors, Inc. v. Dir., OWCP (Vanover),* 950 F.2d 621, 623 (9th Cir.1991) (recognizing the rule's adoption by the Ninth Circuit).

Dillingham raises two distinct issues concerning the burden of proof. First, it argues that the Board's decision in *McAllister v. Lockheed Shipbuilding,* 41 B.R.B.S. 28, 2007 WL 1289932 (Dep't of Labor Ben. Rev. Bd.2007) (per curiam), erred in imposing the burden of proof "simultaneously" on all potentially liable employers because that procedure is unworkable. But here, the ALJ in fact applied the burden of proof *sequentially,* beginning with the last employer and working backwards in time. As the Board has made clear, that procedure is not erroneous. Any error in the Board's formulation in *McAllister* is therefore harmless.

■ Dillingham's second argument is that the Board erred in ruling that each employer has the burden of proof in the first place, to show that it was not the responsible employer. Dillingham asserts that the burden should fall instead only on the last employer. Because the ALJ found the evidence in equipoise as to it, Dillingham argues, it should have won and the last employer should have lost. As to this issue, the Board did not err in holding that each employer has the burden of proving that it was not the responsible employer (or, alternatively, that a later-in-time employer was responsible). *See O'Neil v. Bunge Corp.,* 365 F.3d 820, 822 (9th Cir.2004) (holding that, although we do not grant "special deference" to the Board's interpretation of the Act, we do "respect the [Board's] interpretation of the statute where such interpretation is reasonable and reflects the policy underlying the statute" (internal quotation marks omitted)). That rule is consistent with our past decisions, *see Gen. Ship Serv. v. Dir., OWCP (Barnes),* 938 F.2d 960, 962 (9th Cir.1991) (holding that, where the evidence does not indicate which of two employers was last in time, each employer has the burden of proof), and does not contravene the requirement that there must be a "rational connection" between the employment and the injury, *see Port of Portland v. Dir., OWCP (Ronne),* 932 F.2d 836, 840–41 (9th Cir.1991); *Cordero v. Triple A Mach. Shop,* 580 F.2d 1331, 1336 (9th Cir. 1978).

■ Finally, the ALJ's conclusion that Northwest Marine ("Northwest") met its burden of proving that it did not expose the decedent to injurious levels of asbestos is supported by substantial evidence. The decedent testified that his last exposure to asbestos likely was while working in a Foster Wheeler boiler. Northwest offered credible evidence that the decedent could not have worked in a Foster Wheeler boiler while employed by Northwest. Peti-

tioner does not challenge that finding but argues instead that the decedent may have been exposed in other ways while employed by Northwest. The ALJ properly considered that evidence, determined that it was "highly attenuated and conjectural," and held that it was outweighed by the affirmative evidence that the decedent was not exposed to asbestos while employed by Northwest. We will not disturb that careful analysis.

PETITION DENIED.

FISHER, Circuit Judge, concurring in the result:

Whether Dillingham's argument that the Benefit Review Board's decision in *McAllister v. Lockheed Shipbuilding*, 41 B.R.B.S. 28, 2007 WL 1289932 (Dep't of Labor Ben. Rev. Bd.2007) (per curiam), impermissibly imposes the burden of proof on *each* employer *simultaneously* contains two analytically distinct points or those points are simply different sides of the same coin, I see no reason to address any aspect of the *McAllister* rule. Here, the administrative law judge (ALJ) clearly imposed the burden of proof sequentially, beginning with the last-in-time employer and moving to the preceding employer only after concluding the later-in-time employer had carried its burden. The three later-in-time employers carried their burden. Dillingham did not. In short, the ALJ did precisely what Dillingham maintains the last employer rule requires: he ensured each later-in-time employer had carried its burden of proving it did not expose claimant to sufficient harmful stimuli to cause the injury before imposing the burden of proof on Dillingham. I would therefore affirm because any legal error in the Board's formulation of the rule

was immaterial and would decline to opine on whether imposing the burden of proof on *each* employer is appropriate.