MEMORANDUM *
Petitioner Dillingham Ship Repair petitions for review of a decision by the Benefits Review Board (“Board”), under 33 U.S.C. § 921(c) of the Longshore and Harbor Workers’ Compensation Act (“Act”), 33 U.S.C. §§ 901-950. We review the Board’s decision for “errors of law and for adherence to the statutory standard governing the Board’s review of the adminis *587 trative law judge’s [ALJ’s] factual determinations.” Todd Shipyards Corp. v. Black, 717 F.2d 1280, 1284 (9th Cir.1983) (internal quotation marks omitted). The Board “must accept the ALJ’s findings unless they are contrary to the law, irrational, or unsupported by substantial evidence.” Id. Finding no error, we deny the petition for review.
This case concerns which employer is liable for causing an asbestos-related disease and the ultimate death of the claimant’s husband. This circuit has adopted the “last employer rule,” whereby “the employer during the last employment in which the claimant was exposed to injurious stimuli, prior to the date upon which the claimant became aware of the fact that he was suffering from an occupational disease arising naturally out of his employment, [is] liable for the full amount of the award.” Travelers Ins. Co. v. Cardillo, 225 F.2d 137, 145 (2d Cir.1955); see Found. Constructors, Inc. v. Dir., OWCP (Vanover), 950 F.2d 621, 623 (9th Cir.1991) (recognizing the rule’s adoption by the Ninth Circuit).
Dillingham raises two distinct issues concerning the burden of proof. First, it argues that the Board’s decision in McAllister v. Lockheed Shipbuilding, 41 B.R.B.S. 28, 2007 WL 1289932 (Dep’t of Labor Ben. Rev. Bd.2007) (per curiam), erred in imposing the burden of proof “simultaneously” on all potentially liable employers because that procedure is unworkable. But here, the ALJ in fact applied the burden of proof sequentially, beginning with the last employer and working backwards in time. As the Board has made clear, that procedure is not erroneous. Any error in the Board’s formulation in McAllister is therefore harmless.
Dillingham’s second argument is that the Board erred in ruling that each employer has the burden of proof in the first place, to show that it was not the responsible employer. Dillingham asserts that the burden should fall instead only on the last employer. Because the ALJ found the evidence in equipoise as to it, Dillingham argues, it should have won and the last employer should have lost. As to this issue, the Board did not err in holding that each employer has the burden of proving that it was not the responsible employer (or, alternatively, that a later-in-time employer was responsible). See O’Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir.2004) (holding that, although we do not grant “special deference” to the Board’s interpretation of the Act, we do “respect the [Board’s] interpretation of the statute where such interpretation is reasonable and reflects the policy underlying the statute” (internal quotation marks omitted)). That rule is consistent with our past decisions, see Gen. Ship Serv. v. Dir., OWCP (Barnes), 938 F.2d 960, 962 (9th Cir.1991) (holding that, where the evidence does not indicate which of two employers was last in time, each employer has the burden of proof), and does not contravene the requirement that there must be a “rational connection” between the employment and the injury, see Port of Portland v. Dir., OWCP (Ronne), 932 F.2d 836, 840-41 (9th Cir.1991); Cordero v. Triple A Mach. Shop, 580 F.2d 1331, 1336 (9th Cir.1978).
Finally, the ALJ’s conclusion that Northwest Marine (“Northwest”) met its burden of proving that it did not expose the decedent to injurious levels of asbestos is supported by substantial evidence. The decedent testified that his last exposure to asbestos likely was while working in a Foster Wheeler boiler. Northwest offered credible evidence that the decedent could not have worked in a Foster Wheeler boiler while employed by Northwest. Peti *588 tioner does not challenge that finding but argues instead that the decedent may have been exposed in other ways while employed by Northwest. The ALJ properly considered that evidence, determined that it was “highly attenuated and conjectural,” and held that it was outweighed by the affirmative evidence that the decedent was not exposed to asbestos while employed by Northwest. We will not disturb that careful analysis.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.