**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 07 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN E. MANCINI, to the use of JOSHUA T. GILLELAN II,<br><br>          Petitioner,<br><br>  v.<br><br>DAN P. PLUTE, INC., doing business as PROCUREMENT SERVICES ASSOCIATES, and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR<br><br>          Respondents. | No. 08-72537<br><br>B.R.B. No. 07-0187<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted November 6, 2009[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

-1-

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY, *** District Judge.

John E. Mancini, solely for the benefit of his attorney, Joshua T. Gillelan II, petitions for review of an order of the Benefits Review Board (the "Board"), which, pursuant to § 28(a) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 928(a), awarded attorney's fees to Gillelan against Dan P. Plute, Inc. ("Plute") for the successful representation of Mancini at an hourly rate of $250.00.  Gillelan contends that the requested rate of $435.00 per hour is a reasonable market rate for comparable services by attorneys of comparable experience and expertise in Washington, D.C., the city where Gillelan practices and where the Board is located.  It is our decision that the order must be vacated and the matter remanded.

We review the Board's decision for substantial evidence and errors of law. *Van Skike v. Dir., OWCP*, 557 F.3d 1041, 1045 (9th Cir. 2009).  Because the Board is not a policymaking agency, no special deference is accorded to its interpretation of the LHWCA.  *Id.*; *McDonald v. Dir., OWCP*, 897 F.2d 1510, 1512 (9th Cir. 1990).

---

*** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Counsel for the prevailing party is to be awarded "reasonable [attorney's] fees" as typically "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (involving claims under 42 U.S.C. § 1988); *see Van Skike*, 557 F.3d at 1046. In this circuit, the "relevant legal community" is the litigation forum. *See Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009). Here, Gillelan represented Mancini before the Board in Washington, D.C. Gillelan's law office is also located in Washington, D.C. *See* 20 C.F.R. § 802.203(d)(4) ("The rate awarded by the Board shall be based on what is reasonable and customary in the area where the services were rendered for a person of that particular professional status.")

Nevertheless, strict application of the "forum rule" may sometimes yield unreasonable results, so "rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Therefore, if the Board determines the forum to be in a location other than Washington, D.C., the Board should consider whether it was necessary for Mancini

to resort to the national market, including Washington, D.C., to find adequate representation for Plute's original appeal.

In defining "relevant community" when reviewing Gillelan's fee application, the Board looked solely at other awards issued by ALJs, Directors, and the Board in prior LHWCA decisions. This narrow definition of "relevant community" is inappropriate, because there is no private market for attorney's fees under the LHWCA, as LHWCA attorneys cannot negotiate or enter into fee agreements with their clients. *See* 33 U.S.C. § 928(e); *Christensen*, 557 F.3d at 1053. Therefore, it is necessary to define the "relevant community" more broadly than only the LHWCA bar.

In addition to the exclusive reliance on past LHWCA cases to define "relevant community," Gillelan contends that the Board erred by defining the market rate solely in terms of what ALJs, Directors, and the Board awarded fee applicants in prior cases. In the Ninth Circuit, an award of attorney's fees based solely on past fee awards is considered unreasonable, because "holding the line" at a flat rate does not define the relevant "market rate." *See Christensen*, 557 F.3d at 1053; *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008); *see also Student Pub. Interest Research Group of N.J. v. AT&T Bell Labs.*, 842 F.2d 1436, 1446 (3d Cir. 1988).

In determining the market rate for a prevailing attorney, one must look to what private attorneys of comparable ability and reputation charge their paying clients for work of similar complexity. *See Blum*, 465 U.S. at 895 & n.11. Once the prevailing attorney offers evidence of a market rate, there is a presumption of reasonableness, and the court may not reduce that rate without explaining the basis for its decision. *See Christensen*, 557 F.3d at 1054-55.

Here, Gillelan introduced sufficient evidence, by reference to the Laffey matrix, to demonstrate that the requested hourly rate of $435 was reasonable in Washington, D.C. for attorneys at the highest experience level (*i.e.*, more than nineteen years). The Board approved an hourly rate of $250 only by considering prior awards but failed to provide support for its findings. *See Christensen*, 557 F.3d at 1055. The Board wrongly disregarded the evidence submitted by Gillelan and made no attempt to determine what comparable attorneys in Washington, D.C. charged for similar services.

Regarding fee liability, the Board held in its order on the merits that Plute "was wholly absolved of liability" and "no longer 'adversely affected or aggrieved' by the [ALJ]'s initial decision" regarding the underlying compensation award. For this reason, Plute did not initially rebut Gillelan's request for attorney's fees at an hourly rate of $435. Yet the "employer" Plute was ordered to pay the fee. Plute

should have filed a cross-appeal to properly bring this issue before us, rather than raise the issue solely in its opposition papers, as Plute cannot seek redress on Gillelan's appeal. *See* FED. R. APP. P. 3(a). We suggest the Board read its decision addressing the merits of the compensation claim before ordering that attorney's fees be paid directly by "employer" Plute. This panel cannot address the issue of whether Plute or Perini has the ultimate fee liability, but this is an issue that the Board may want to consider on remand.

VACATED and REMANDED to the Board for further consideration in accordance with this opinion.