**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT E. HORTON, | No.   17-73335 |
| Petitioner, | BRB No. 17-0168 |
| v. | |
| SPECIALTY FINISHES, LLC; et al., | MEMORANDUM* |
| Respondents. | |

| | |
|---|---|
| SPECIALTY FINISHES, LLC; SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD., | No.   18-70089 |
| Petitioners, | BRB No. 17-0168 |
| v. | |
| SCOTT E. HORTON; et al., | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted May 13, 2019
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

These related cases involve the award of benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Scott Horton ("Horton") petitions for review of the decision of the Benefits Review Board ("BRB") affirming the calculation of his average weekly wage and the denial of benefits on March 31, 2014. Specialty Finishes, LLC ("Specialty") petitions for review of the BRB's decision confirming it, and not Industrial Marine, Inc. ("Industrial Marine"), as the last responsible employer. We have jurisdiction under 33 U.S.C. § 921(c). We grant Horton's petition in part, ordering benefits for March 31, 2014, and deny his petition for review as to his average weekly wage. We deny Specialty's petition for review.

Substantial evidence supports the calculation of Horton's average weekly wage. The substantial evidence test is "extremely deferential" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010) (citations omitted). The Administrative Law Judge ("ALJ") had discretion to determine that Horton's yearly earnings from his prior employment were the "best estimate" of his future earning capacity, given the uncertainty as to the hours he would have worked had he not been injured. *See id.* Consequently, the court denies Horton's petition for review on this issue.

However, the ALJ should have awarded permanent total disability benefits

2

for March 31, 2014 because Horton's partial disability benefits ended on March 30, 2014. As this appears to have been an inadvertent error, the court grants Horton's petition in part and awards permanent total disability benefits for March 31, 2014.

The court finds that the BRB did not err in concluding that Specialty was the last responsible employer. Once the claimant establishes a prima facie case against one employer, the burden is on that employer to prove that a different employer is responsible. *Gen. Ship Serv. v. Dir., Office of Workers' Comp. Programs*, 938 F.2d 960, 962 (9th Cir. 1991) ("[T]he purposes of the LHWCA are best served by assigning liability to the employer who is claimed against."); *Albina Engine & Mach. v. Dir., Office of Workers' Comp. Programs*, 627 F.3d 1293, 1299 (9th Cir. 2010). Only the claimant, not an employer, can invoke the Section 20(a) presumption. *Lins v. Ingalls Shipbuilding, Inc.*, 26 Ben. Rev. Bd. Serv. (MB) 62, 1992 WL 213839, at *2 (Aug. 18, 1992).

Substantial evidence supported the determination that Specialty did not rebut the presumption that it was the last responsible employer. Horton testified that his injuries were not aggravated following his initial injury, and Specialty presented no medical evidence to the contrary. Though Horton suffered pain and missed work during his subsequent employment at Industrial Marine, a "reasonable mind" could have concluded that the pain was a natural progression of his initial injury, not a

sign of aggravation. *See id.* (finding no aggravation where claimant testified there was no further injury and "employer did not present any evidence to contradict claimant's testimony"). Consequently, the court denies Specialty's petition for review.

In case no. 17-73335, **PETITION GRANTED IN PART, DENIED IN PART.** In case no. 18-70089, **PETITION DENIED.**

Each party shall bear its own costs on appeal.

4