**PARSONS CORPORATION OF CALIFORNIA and Commercial Insurance Company of Newark, New Jersey, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Gerald W. Gunter, Respondents.**

No. 77–3626.

United States Court of Appeals, Ninth Circuit.

May 15, 1980.

B. James Finnegan, Kiernan & Finnegan, San Francisco, Cal., for petitioners.

Laurie Streeter, Gilbert Renault, U.S. Dept. of Labor, Washington, D. C., on brief; James J. Simonelli, Stockton, Cal., for respondents.

Before BROWNING and KILKENNY, Circuit Judges, and EAST, District Judge.*

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

KILKENNY, Circuit Judge.

## STATEMENT OF THE CASE

Petitioners seek reversal of an order of the Benefits Review Board (the "Board"), which affirmed a decision of an administrative law judge allowing the claim of Gerald W. Gunter filed pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 33 U.S.C. § 901, et seq., (the "Act"), as extended by the Defense Base Act, 55 Stat. 622, 42 U.S.C. § 1651, et seq. This court has jurisdiction pursuant to 33 U.S.C. § 921(c) and 42 U.S.C. § 1651.[1] We affirm.

## BACKGROUND FACTS

Gerald W. Gunter was employed by the Parsons Corporation of California from June, 1973, to August, 1974, as a rotor blade technician at the Bien Hoa Air Force Base in Viet Nam. His work consisted of degreasing and repairing helicopter blades, and it brought him into contact with toxic chemicals such as naptha, methyl ethyl ketone, toluene, sulphuric acid and chromic acid.

In April of 1974, Gunter discovered, while reading, that the vision of his left eye was blurred. After a great deal of fruitless medical consultation and treatment, and a rapid worsening of his vision in both eyes, Gunter's condition was diagnosed as Leber's Optic Atrophy. The parties agree on this diagnosis and also on the conclusion that the disease left Gunter, for compensation purposes, totally and permanently blind. The dispute between the parties is over whether Gunter's disability was caused by his employment activities.

Leber's Optic Atrophy is a rare disease of unknown etiology which attacks the optic nerves. The disease is thought to be attributable in part to hereditary factors. However, there is no history of the disease in Gunter's family. Before the administrative law judge, the parties waged a battle of medical experts, who both testified as to the likelihood that Gunter's work environment precipitated the disease. The administrative law judge found for Gunter.

Petitioners appealed the ruling to the Benefits Review Board, arguing that the administrative law judge had applied the wrong standards for reviewing the evidence and, therefore, had not given proper weight to their evidence against causality. The Benefits Review Board affirmed the decision of the administrative law judge. Petitioners now appeal to this court.

## ISSUE

The sole issue is whether petitioners presented substantial evidence to overcome the statutory presumption in favor of Gunter's claim.

## DISCUSSION

Petitioners vigorously contend that the compensation award must be reversed for the reason that the administrative law judge applied an incorrect legal standard in assessing the evidence. In sum, they argue that they provided substantial evidence to rebut the statutory presumption [2] that Gunter's claim falls within the provisions of the Act. Once such substantial evidence is produced, they argue, the statutory presumption "falls out" of the case and the burden is then on Gunter to persuade the trier of fact that his disability arose from conditions

1. These sections have been construed by our circuit to give this court jurisdiction. *Pearce v. Director, Office of Workers' Compensation Programs, etc.*, 603 F.2d 763 (CA9 1979). The Sixth Circuit has held to the contrary in *Home Indemnity Co. v. Stillwell*, 597 F.2d 87 (CA6 1979), *cert. denied*, 444 U.S. 869, 100 S.Ct. 145, 62 L.Ed.2d 94 (1979).

2. 33 U.S.C. § 920(a) provides:
   "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—
   "(a) That the claim comes within the provisions of this chapter."
   As the court in *Matter of District of Columbia Workmen's Comp. Act*, 554 F.2d 1075 (D.C.Cir. 1976) said: "The statutory presumption applies as much to the nexus between an employee's malady and his employment activities as it does to any other aspect of a claim." 554 F.2d at 1082.

in his work environment. Petitioners urge that the administrative law judge, while weighing all the evidence, improperly considered the burden of providing substantial evidence to overcome the statutory presumption as evidence itself. This, they conclude, was reversible error under the authority of *Del Vecchio v. Bowers*, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229 (1935).[3]

■ First, we note that petitioners are incorrect in their assertion that once substantial evidence is produced to rebut the statutory presumption, the burden of persuasion shifts to the claimant. Even after the substantial evidence is produced to rebut the statutory presumption, the employer still bears the ultimate burden of persuasion. This rule does not follow from the presumption in 33 U.S.C. § 920(a), although the presumption reflects the overall policy of the Act. The rule follows from the overall humanitarian statutory policy that all doubtful questions of fact be resolved in favor of the injured employee. *Ryan-Walsh Stevedoring Co., Inc. v. Trainer*, 601 F.2d 1306, 1316 (CA5 1979); *Army & Air Force Exchange Service v. Greenwood*, 585 F.2d 791, 794 (CA5 1978); *Bath Iron Works Corp. v. White*, 584 F.2d 569, 574 (CA1 1978).

■ Moreover, we disagree with petitioners on their contention that they overcame the initial burden of providing substantial evidence to overcome the statutory presumption. Substantial evidence as used in the Act "is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Matter of District of Columbia Workmen's Comp. Act*, 554 F.2d 1075, 1084 (D.C. Cir. 1976), *cert. denied, sub nom. J. Frank Kelly, Inc. v. Swinton*, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81, quoting, *Avignone Freres, Inc. v. Cardillo*, 117 F.2d 385, 386 (D.C. Cir.

1940), quoting, *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). The statutory presumption in the Act may be overcome by evidence specific and comprehensive enough to sever the potential connection between the disability and the work environment. *Matter of District of Columbia Workmen's Comp. Act, supra*, at 1083.

■ Here, as the administrative law judge held, petitioners failed to come forward with sufficient evidence to overcome the statutory presumption. Leber's Optic Atrophy is not well understood by the medical profession, and consequently, petitioners' expert could not say that the chemicals to which Gunter was exposed did not trigger or accelerate the disease. In fact, petitioners produced no evidence of any cause of the impairment of Gunter's eyesight other than the suggestion that the blindness may have occurred spontaneously. In short, petitioners' evidence was not specific and comprehensive enough to sever the potential connection between Gunter's affliction and his work environment.

■ Even were we to disagree with the administrative law judge, and hold that petitioners produced sufficient evidence to overcome the statutory presumption favoring the claim, we would have no difficulty holding that petitioners failed to overcome the ultimate burden of persuasion. Gunter showed conclusively that: (1) he worked for over a year in an environment containing toxic chemicals known to have inflammatory effects on nerve fibers; (2) the temperature of his work environment and the amount of chemicals present were such that the chemicals could have had the effect of causing the disability; (3) he is older than the usual victim of Leber's Optic Atrophy; (4) although the disease is thought to be in part a result of hereditary factors, there is

3. In *Del Vecchio v. Bowers*, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229 (1935), the Supreme Court held that the statutory presumption in 33 U.S.C. § 920(a) is not evidence, and that once the employer provides substantial evidence to rebut the presumption, the presumption "falls out of the case." Needless to say, the employer is still required to produce substantial evi-

dence to rebut the presumption. The review of the decision of the administrative law judge and the Benefits Review Board is limited in this court to a determination of whether the decision is rational and supported by substantial evidence on the record taken as a whole. *O'Keeffe v. Smith Associates*, 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965).

no incidence of the disease in his family; (5) there is no evidence that he was not in good health, with normal eyesight, before his employment, and; (6) there is evidence that at least one of the chemicals to which he was exposed is a cause of or a precipitating factor in the onset of retrobulbar neuritis, a condition associated with the onset of Leber's Optic Atrophy. The weight of this evidence, contrasted with the paucity of petitioners' evidence, and considered in view of the rule that the employer bears the ultimate burden of persuasion would require us to affirm, even if the administrative law judge had erred in finding that petitioners failed to produce substantial evidence to overcome the statutory presumption. We are not bound by the rationale offered below and can affirm on any ground squarely presented by the record. *United Brands Co. v. Melson*, 594 F.2d 1068, 1072, n.10 (CA5 1979); *Davis v. United States*, 589 F.2d 446, 448, n.3 (CA9 1979); *Grosz v. Andrus*, 556 F.2d 972, 974, n.3 (CA9 1977); *M. O. S. Corp. v. John I. Haas Co.*, 375 F.2d 614, 617 (CA9 1967).

## CONCLUSION

A decision of the administrative law judge, affirmed by the Benefits Review Board, must be affirmed by this court if it is rational and supported by substantial evidence on the record as a whole. *O'Keeffe v. Smith Associates*, 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 (1965). We hold that the decision below meets those requirements. The compensation award is affirmed. The petition for review is denied.