881 F.2d 593
 Margaret LUSTIG, Widow of Edward Lustig, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR; Director, Office of
Workers' Compensation Programs; Todd Shipyards
Corporation; Aetna Casualty and Surety
Company; Travelers Insurance
Company, Respondents.
TODD PACIFIC SHIPYARDS CORPORATION; Aetna Casualty and
Surety Company, Petitioners,
v.
DIRECTOR, OFFICER OF WORKERS' COMPENSATION PROGRAMS, Respondent,
Margaret Lustig, Widow of Edward Lustig, Respondent-Claimant.
 Nos. 88-7105, 88-7144.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 15, 1989.
Memorandum May 25, 1989.
Order and Opinion August 7, 1989.
 
 Victoria Edises, Oakland, Cal., for petitioner.
 Samuel J. Oshinsky, Dept. of Labor, Washington, D.C., Carol L. Powell, San Francisco, Cal., for respondents.
 Petition for Review of the Order of the Benefits Review Board.
 Before CHAMBERS, BRUNETTI and NOONAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Margaret Lustig petitions for review of the order of the Benefits Review Board (Board) of the Department of Labor affirming in part and modifying in part the order of the administrative law judge (ALJ) reducing her benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. Secs. 901-950, by allowing credits for a state workers' compensation settlement.
 
 
 2
 Cross-petitioners Todd Pacific Shipyards Corporation (Todd) and Aetna Casualty and Surety Company (Aetna) petition for review of the same order denying Todd a credit for attorney's fees paid under the state settlement and holding Aetna liable as the responsible carrier. We have jurisdiction pursuant to 33 U.S.C. Sec. 921(c). The Board's order is affirmed in part and set aside in part.
 
 
 3
 Decedent Edward Lustig worked for Todd as a pipefitter from 1961 until January 4, 1984 where he was exposed to asbestos. On January 4, 1984, decedent became totally disabled as a result of lung cancer caused in part by asbestos exposure. Lustig died from lung cancer on May 22, 1984. Travelers Insurance Company (Travelers) provided LHWCA coverage to Todd through May 31, 1976. Aetna did so thereafter.
 
 
 4
 On June 18, 1984, decedent's widow, Margaret Lustig, filed a California state workers' compensation claim on behalf of herself and James Lustig, decedent's son. On the same date, she filed a claim under the LHWCA on her behalf only seeking disability benefits which accrued to decedent before his death, death benefits and medical expenses.
 
 
 5
 While the federal claim was pending, the state claim settled for $82,500 less a $15,500 lien for medical expenses payable to lienholder Boehm and Associates, Inc. (Boehm) and less $9,380 in attorney's fees. As part of the settlement, James Lustig was dismissed as a party.
 
 
 6
 After an administrative hearing on the LHWCA claim, the ALJ awarded Mrs. Lustig death and disability benefits subject to Todd's credit for the full amount of the comparable benefits paid under the state settlement. The ALJ also concluded that Aetna was the responsible carrier because it was the carrier on the risk when decedent was last exposed to asbestos.
 
 
 7
 On appeal, the Board affirmed the ALJ's conclusion that the entire amount of the state award was to be credited against the federal claim. However, because the ALJ did not expressly resolve whether the credit included that portion of the state settlement allocated to $9,380.00 in attorney's fees or the $15,500 paid to Boehm, the Board modified the award by finding the credit did not include attorney's fees but did include the Boehm lien. The Board also affirmed the ALJ's decision that Aetna was the responsible carrier. Mrs. Lustig, Todd and Aetna timely petition for review of the Board's order.
 
 
 8
 We review Board decisions for "errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." Bumble Bee Seafoods v. Director, Office of Workers' Compensation Programs, 629 F.2d 1327, 1329 (9th Cir.1980) (footnote omitted). The ALJ's decision is reviewed by the Board under the "substantial evidence" standard. 33 U.S.C. Sec. 921(b)(3). The Board "must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence." Todd Shipyards Corp. v. Black, 717 F.2d 1280, 1284 (9th Cir.1983), cert. denied, 466 U.S. 937, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984) (citation omitted). We "will respect the Board's interpretation of the LHWCA if the interpretation is reasonable and reflects the underlying policy of the statute." Todd Shipyards Corp. v. Director, Office of Workers' Compensation Programs, 848 F.2d 125, 126 n. 2 (9th Cir.1988).
 
 
 9
 We conclude the Board erred by allowing Todd a credit for the medical lien paid to Boehm pursuant to 33 U.S.C. Sec. 903(e).[1] The statute provides that there be a credit for "any amounts paid to an employee for the same injury...." When framing this credit provision Congress deliberately chose the words "any amounts paid to an employee" instead of the words "any amounts paid by an employer." See 130 Cong.Rec. H9733 (daily ed. Sept. 19, 1984) (statement of Rep. Erlenborn).
 
 
 10
 Here, the amount of the medical lien was paid directly to Boehm and deducted from the state settlement amount paid to Mrs. Lustig. We understand that "the sole purpose of the credit doctrine is to prevent double recoveries." Strachan Shipping Co. v. Nash, 782 F.2d 513, 518 (5th Cir.1986). However, it is not clear from the record that there would be a double recovery by Mrs. Lustig if a credit for the medical lien paid to Boehm is disallowed. The California State Workman's Compensation award was made in a lump sum. There is no evidence in the record of exactly what this award included. Absent evidence of a double recovery we are bound by the language of 33 U.S.C. Sec. 903(e) which allows credits only for amounts "paid to an employee." The amount of the medical lien was paid to Boehm. Todd's credit for that amount is denied.
 
 
 11
 The Board did not err by crediting Todd for the full amount of the state award paid to Mrs. Lustig. In allowing this credit the Board adopted the ALJ's finding that "the evidence does not establish any particular amount attributable to the son in the (state) settlement." The record confirms this finding.
 
 
 12
 The compromise and release agreement states that the sum of $82,500 is payable "all to Margaret Lustig." The agreement lists only Margaret Lustig as claiming to have been dependent on Edward Lustig at the time of the claimed injury.[2] She signed the compromise and release, but James Lustig did not. The addendum to the compromise and release states that "[i]n consideration for the payment of the proceeds to Margaret Lustig, James Lustig is to be dismissed from the proceedings with prejudice." Finally, the court order approving the compromise and release states the award was made in favor of Margaret Lustig only and that as a part of the settlement she requested "that James Lustig be dismissed as a party applicant." We can find no indication that James Lustig either received or was granted any portion of the state award. In fact, the inference is to the contrary. We therefore conclude the Board did not err by crediting Todd for the full amount of the state award.
 
 
 13
 The Board did not err by disallowing Todd a credit for attorney's fees paid in the state settlement. The Board properly relied on Hoey v. General Dynamics Corp., 17 BRBS 231 (1985). Hoey declined to grant employer an LHWCA credit for attorney's fees paid as part of a state award and relied principally on the reasoning of Landry v. Carlson Mooring Service, 643 F.2d 1080 (5th Cir.1981), cert. denied, 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1983). In Landry the court rejected an employer credit for attorney's fees allocated in a state recovery. The court stated:
 
 
 14
 The amount of Landry's state award which has been allocated to his attorney did not serve as compensation for his injury, but rather as reimbursement for the expenses he incurred by having to resort to the courts for compensation. To credit that sum against an LHWCA compensation award is to mix apples and oranges; such a crediting procedure would not obviate double recovery, as the LHWCA award does not duplicate Landry's de facto recovery of litigation expenses under state law. Rather, the LHWCA award should be diminished only by state compensation the plaintiff actually receives.
 
 
 15
 Id. at 1088 (emphasis in original).
 
 
 16
 This reasoning applies equally in the present case. The $9,380 allocated to Mrs. Lustig's attorney did not serve as compensation for decedent's injury, but rather was reimbursement for the expenses incurred in bringing the state claim. The Board's conclusion to disallow Todd a credit for attorney's fees was proper.
 
 
 17
 Finally, the Board properly found that Aetna is the responsible carrier. Aetna contends that there is a ten year latency period for asbestos related cancer and that any exposure to asbestos after that period would not have had any effect on Mr. Lustig's disability. This argument suggests an unwarranted change of the "last employer rule" set forth in Travelers Insurance Co. v. Cardillo, 225 F.2d 137 (2d Cir.), cert. denied, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955) which change we decline to adopt. Aetna provided coverage during the last approximately eight years of Mr. Lustig's employment at Todd. During this period, Mr. Lustig was exposed to asbestos. As the carrier who last insured Todd during Mr. Lustig's tenure of employment, Aetna is liable for the full amount of the claim.
 
 
 18
 We set aside that portion of the Board's order allowing Todd a credit for the medical lien paid to Boehm pursuant to 33 U.S.C. Sec. 903(c). The Board's order is AFFIRMED otherwise.
 
 
 
 [1]
 33 U.S.C. Sec. 903(e) authorizes an employer credit and states that:
 Notwithstanding any other provision of law, any amounts paid to an employee for the same injury, disability, or death for which benefits are claimed under this chapter pursuant to any other workers' compensation law or section 688 of Title 46 (recovery for injury or death to seamen) shall be credited against any liability imposed by this chapter. 33 U.S.C. Sec. 903(e).
 
 
 [2]
 James Lustig was 18 years old when his father became completely disabled and subsequently died