Richard E. KING, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Cargill, Inc.; Northwestern National Insurance Company, Respondents.

No. 87–7548.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1989.

Decided May 24, 1990.

Robert K. Udziela, Nelson R. Hall, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for petitioner.

William M. Tomlinson, and Rich Haselton, Lindsay, Hart, Neil & Weigler, Portland, Or., for respondents.

Before BROWNING, WALLACE and FLETCHER, Circuit Judges.

PER CURIAM:

King petitions for review of a Benefits Review Board decision, affirming an administrative law judge's ("ALJ") determination that King was entitled to compensation under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950, for the partial physical loss of two fingers but not for partial loss of use of his hand.

I

We review Board decisions "for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." *Bumble Bee Seafoods v. Director*, 629 F.2d 1327, 1329 (9th Cir.1980); *accord Director v. Campbell Indus., Inc.*, 678 F.2d 836, 838 (9th Cir.1982). The Board's standard of review of the ALJ's decision, in turn, is also narrow. The Board may not substitute its views for those of the ALJ, but instead must accept the ALJ's findings "unless they are contrary to the law, irrational, or unsupported by substantial evidence in the record." *Id.* (citations omitted); *see* 33 U.S.C. § 921(b)(3). We review the administrative record independently to determine whether the Board has done so. *Bumble Bee Seafoods*, 629 F.2d at 1329.

II

King was employed as a longshore millwright by respondent Cargill, Inc., at the bulk grain terminal of the Port of Portland. The impeller blades of a dust collector sliced off the tips of the middle and ring fingers of King's right hand. He lost three millimeters of bone and most of the nail from his middle finger and approximately one millimeter of bone from his ring finger. He was hospitalized, and the amputated pads of his fingers were replaced with skin and flesh from his abdomen.

King returned to work but requires continuing medical care because the skin grafts "break open" at the joints, particu-

larly on the middle finger. In addition, he lost feeling and strength in the injured fingers and can no longer close them completely. His treating physician, Dr. Cohen, concluded King's middle finger was 25 percent permanently impaired and his ring finger 20 percent permanently impaired.[1]

## III

■ The ALJ rejected King's argument that pursuant to 33 U.S.C. § 908(c)(14) he was entitled to compensation for a 50 percent loss of his ring finger if he lost any portion of the first phalange. He therefore also rejected King's argument he should be awarded compensation for a 15 percent loss of use of the hand based on a 50 percent loss of each finger and King's testimony concerning the impact of the injury. *See* 33 U.S.C. § 908(c)(3), (17), (19).

Instead, the ALJ found King lost substantially all of the first phalange of his middle finger and awarded him disability compensation for a 50 percent loss of that finger pursuant to 33 U.S.C. § 908(c)(9), (14). The ALJ found King did not lose substantially all of the first phalange of his ring finger, however, and awarded King compensation for a 20 percent loss of that finger pursuant to 33 U.S.C. § 908(c)(10), (19).

On appeal to the Board, King argued he should have been compensated for a 15 percent loss of the use of his hand under 33 U.S.C. § 908(c)(17)[2] because the evidence established he had lost the use of all or substantially all of the first phalanges of two fingers, and section 908(c)(17), in conjunction with 908(c)(19),[3] requires compensation for proportionate loss of use of the hand. King had not made this argument to the ALJ. Rather than address King's contention, the Board affirmed on the ground

there was no medical evidence to support an impairment rating for King's hand. King now contends the Board erred in holding the absence of supporting medical evidence was alone sufficient to foreclose his claim under section 908(c)(17).

## IV

Because King cannot claim proportionate loss of use of his hand under section 908(c)(17) without having proved physical loss of 50 percent of each of his two injured fingers, we need not consider whether the Board's holding that medical evidence is required to support a finding of disability under the LHWCA is correct. We also need not consider whether section 908(c)(17) requires actual physical loss of, rather than loss of the use of, one or more phalanges from two or more digits because that issue was not raised before the ALJ nor was it addressed by the Board. *Cf. Kalaris v. Donovan*, 697 F.2d 376, 382 n. 16 (D.C.Cir.1983) (the Board does not review issues not raised before the ALJ); *Moore v. Paycor, Inc.*, 11 Ben.Rev.Bd.Serv. (MB) 483, 492–93 (1979) (same).

We have reviewed the administrative record independently to determine whether substantial evidence supports the ALJ's finding that King was entitled to compensation only for a 50 percent loss of his middle finger and a 20 percent loss of his ring finger. Dr. Cohen rated King's middle finger at 25 percent physical impairment and his ring finger at 20 percent physical impairment. The ALJ heard King's testimony, asked King questions and observed the injured fingers. On the record as a whole, there is substantial evidence to support the ALJ's findings that King's loss of the first phalange of his

---

1. Cohen later revised his findings to a 50 percent impairment rating for each finger, but declined to give an impairment rating for King's entire hand. Respondents argue Cohen's decision not to rate King's hand is significant and the Board relied on it below. The ALJ, however, explicitly stated he did not credit Cohen's later report, and we do not rely upon it here.

2. Section 908(c)(17) provides: "Compensation for loss of two or more digits, or one or more

phalanges of two or more digits, of a hand or foot may be proportioned to the loss of use of the hand or foot occasioned thereby, but shall not exceed the compensation for loss of a hand or foot."

3. Section 908(c)(19) provides: "Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member."

middle finger was great enough to constitute a loss of "substantially all" the phalange, but that his loss of the first phalange of his ring finger was "more negligible" and did not constitute "substantially all" the phalange.

The ALJ's determination is AFFIRMED.