45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Enrique POLANCO, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS;
Southwest Marine and Industrial Indemnity, Respondents.
 No. 93-70472.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1994.*
Decided Dec. 21, 1994.
 
 Before: FLETCHER, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Enrique Polanco petitions for review of a decision and order of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to deny Polanco's claim, filed pursuant to the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. Sec. 901 et seq., for continuing medical and disability benefits. We have jurisdiction under 33 U.S.C. Sec. 921(c), and we affirm.
 
 BACKGROUND
 
 3
 On April 17, 1987, while in the course of his employment with Southwest Marine, Polanco fell through scaffolding and injured his back. He has not returned to work since that time.
 
 
 4
 Southwest Marine voluntarily paid temporary total disability benefits from April 18, 1987 through June 8, 1987, but refused payment of any further benefits. Polanco filed a claim for medical benefits and continuing temporary total disability benefits, pursuant to 33 U.S.C. Secs. 907 and 908(b). He contended that he had not fully recovered from his injury and was incapable of returning to work, and that Southwest Marine's refusal to authorize payment for further diagnostic procedures recommended by his physician, Dr. Dickinson, prevented him from proving that fact.
 
 
 5
 Based on the medical evidence before him, the ALJ determined Polanco had recovered from his injury and was capable of resuming his usual employment duties, without restriction, as of May 9, 1988. The ALJ awarded Polanco disability benefits and all reasonable medical expenses incurred up to that date. However, because the ALJ found the diagnostic procedures recommended by Dr. Dickinson--myelography and provocation discography--were not warranted, he did not require Southwest Marine to pay for them. The Board found the ALJ's decision was based on substantial evidence and affirmed.[1]
 
 STANDARD OF REVIEW
 
 6
 In reviewing claims brought pursuant to the Longshoremen's and Harbor Workers' Compensation Act, the Board "may not substitute its views for those of the [ALJ], but instead must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence." King v. Director, Office of Workers' Compensation Programs, 904 F.2d 17, 18 (9th Cir.1990) (quotations and citations omitted). See also Bumble Bee Seafoods v. Director, Office of Workers' Compensation Programs, 629 F.2d 1327, 1329 (9th Cir.1980). We, in turn, "review the Board's decision for errors of law and adherence to the substantial evidence standard, and may affirm on any basis contained in the record." Cretan v. Bethlehem Steel Corp., 1 F.3d 843, 845 (9th Cir.1993) (internal quotations and citations omitted).
 
 DISCUSSION
 
 7
 Polanco urges he be found permanently totally disabled or, in the alternative, temporarily totally disabled until further diagnostic testing, in the form of provocation discography, is conducted. He argues provocation discography is the only method of determining whether he suffers from internal disc disruption as a result of his accident. Citing Parsons Corp. of Cal. v. Director, Office of Workers' Compensation Programs, 619 F.2d 38 (9th Cir.1980), Polanco contends that, because Southwest Marine refused to authorize payment for provocation discography, it prevented the production of evidence relevant to his claim; therefore, he argues, the ALJ and the Board erred in ruling that his employer, Southwest Marine, had overcome the presumption of his disability. We reject this argument.
 
 
 8
 Parsons recognizes a humanitarian statutory policy that doubtful questions of fact be resolved in favor of the injured employee. See Bumble Bee Seafoods v. Director, Office of Workers' Compensation Programs, 629 F.2d 1327, 1328-29 (9th Cir.1980). However, as the ALJ found, and the Board agreed, the evidence presented by Southwest Marine adequately demonstrated Polanco has fully recovered from his injury and no additional diagnostic procedures are warranted. This conclusion was supported by substantial evidence in the record.
 
 
 9
 The results of Polanco's magnetic resonance imaging (MRI) were interpreted as normal by both Dr. Janon, the radiologist who performed the procedure, and Dr. Freeman, a neurological surgeon. Both Dr. Freeman and Dr. Dodge, an orthopedic surgeon, examined Polanco and, as of May 9, 1988, reported no objective findings to support Polanco's subjective complaints of pain. Both doctors believed Polanco had achieved maximum medical improvement, suffered no permanent disability as a result of his accident, and was fully capable of resuming his normal work activities.
 
 
 10
 Polanco concedes the MRI shows he has not suffered any nerve root impingement. Nonetheless, he argues reliance on the results of the MRI is misplaced because only provocation discography can reveal the existence of another condition that could explain his continued leg and back pains--internal disk disruption, or intervertebral disk damage.
 
 
 11
 The ALJ carefully reviewed the evidence respecting the advisability of provocation discography, a procedure in which dye is injected into the patient's disk and an x-ray image of the disk's structure is produced. Based on the evidence, the ALJ found, and the Board agreed, the x-ray produced by provocation discography would be no more probative in diagnosing internal disk disruption than the image obtained through the less invasive MRI procedure. The only additional data provocation discography could provide would be data which would determine whether the pain resulting from injection of the dye reproduced Polanco's previously reported pain symptoms.[2] Based on their observations that Polanco had not cooperated during his examinations, both Drs. Freeman and Dodge believed this subjective element of the test would be unhelpful in Polanco's case. Given that the subjective element would be an integral part of the test, both doctors opined that, even if the results of a discogram were abnormal, their clinical opinions that Polanco had fully recovered would remain unchanged. Thus, there would be no benefit from the aggressive surgical procedures of provocation discography.
 
 
 12
 We conclude that the Board's decision and order affirming the decision of the ALJ is rational, supported by substantial evidence, and not contrary to law. See King, 904 F.2d at 18. Polanco's petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Both in this appeal and in his appeal to the Board, Polanco argued only that provocation discography should have been authorized. For this reason, the Board did not address the issue whether the myelography also recommended by Dr. Dickinson was warranted. We likewise limit our decision to the propriety of denying authorization for the performance of provocation discography
 
 
 [2]
 As the ALJ noted, Polanco's own expert, Dr. Dickinson, and the article on provocation discography which Polanco offered into evidence, also place great emphasis on the aspect of the procedure involving the subjective reproduction of pain