107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KAISER COMPANY, the Noetic Group, and Transamerica Insurance
Company, Petitioners,
v.
DIRECTOR, WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES,
George Gula (Widower of Dorothy Gula), E.J.
Bartells Company, and Safeco Insurance
Company, Respondents.
 No. 95-70667.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1997.*
Decided Jan. 29, 1997.
 
 Before: ALDISERT**, PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This is a petition for review filed by Kaiser Company and its insurance carrier, Transamerica Insurance Company, from an Order entered by the U.S. Department of Labor's Benefits Review Board. The Order affirmed an administrative law judge's finding that Kaiser and Transamerica are liable for death benefits owed to claimant George Gula under the Longshore Harbor Workers' Compensation Act. The dispute arises out of a work-related disease contracted by claimant's spouse in the course of her employment with Kaiser's subcontractors. The Order reflects a finding that Kaiser was the general contractor of an uninsured subcontractor, Northwest Insulating, and therefore liable for claimant's benefits. This court has jurisdiction pursuant to 33 U.S.C. § 921(c), and we affirm.
 
 
 3
 We review decisions of the Benefits Review Board for errors of law and adherence to statutory standards. King v. Director, Office of Workers' Comp. Programs, 904 F.2d 17, 18 (9th Cir.1990). This court reviews the administrative record independently to ensure the Board has done likewise. Id. at 18.
 
 I.
 
 4
 Petitioners first assert that the ALJ committed clear error by basing his opinion on arguments presented by the Washington Department of Labor and Industries (WDLI) after the administrative hearing, given the WDLI's failure to enter an appearance at the hearing. Petitioners contend the WDLI's arguments are foreclosed by its failure to appear and, therefore, the WDLI has not met its alleged burden of proving the pending claims fall outside the scope of the disputed insurance coverage.
 
 
 5
 Petitioners failed to present objections before the ALJ or the Benefits Review Board concerning of the WDLI's failure to enter an appearance and submission of post-hearing briefs. Absent exceptional circumstances, we will refuse to consider contentions not presented in the administrative proceeding at the appropriate time. Duncanson-Harrelson Co. v. Director, Office of Workers' Compensation Programs, 644 F.2d 827, 832 (9th Cir.1981). Arguments raised for the first time in briefs to the court of appeals are as a general rule deemed waived if the proponent of the argument failed to raise the issue below. Id. Therefore, concluding that no exceptional circumstances exist here, we will not consider Petitioners' arguments concerning the ALJ's reliance on the WDLI's post-hearing briefs. See E.P. Paup Co. v. Director, OWCP, 999 F.2d 1341, 1352-53 (9th Cir.1993) (director did not waive arguments by not appearing at hearing).
 
 II.
 
 6
 Similarly misplaced is Petitioners' contention that the WDLI's liability to provide compensation under the Longshore Harbor Workers' Compensation Act is established upon merely showing that the WDLI "agreed" to provide such coverage, at which time the burden of disproving coverage is shifted to the WDLI. In Dolowich v. Westside Iron Works, 17 BRBS 197 (1985), 1985 WL 55357 (Ben.Rev.Bd.), relied on by Petitioner, the Board held that "The carrier has the burden to show inapplicability of the insurance policy because the relevant documents could only be within the carrier's exclusive control." Id. at * 2. Here, statutory provisions, rather than a "policy," define the scope of coverage and those statutory provisions are available to all parties.
 
 
 7
 In General Ship Serv. v. Director, Office of Workers' Compensation Programs, 938 F.2d 960 (9th Cir.1991), the other case on which Petitioners rely, the court merely affirmed the ALJ's determination that Liberty Mutual was the Longshore carrier for General Ship. That determination was based on records of the U.S. Office of Workers' Compensation Programs indicating Liberty Mutual was General Ship's Longshore carrier, an index card maintained by the same federal office indicating Liberty Mutual was General Ship's Longshore carrier and the absence of contrary evidence. Id. at 961. No such evidence exists in the case at bar and the ALJ found the contrary evidence to be significant.
 
 
 8
 The ALJ here found Petitioners' evidence insufficient to support a finding that the WDLI was the Longshore carrier for Northwest or Kaiser. The record supports this conclusion. Prior to 1971, the State fund administered by the WDLI was the exclusive means through which employers in Washington could obtain State workers' compensation insurance. Crown Zellerbach Corp. v. Department of Labor and Industries of the State of Washington, 653 P.2d 626, 627 (Wash.1982). This is consistent with Petitioners' assertion, and the statement in a February 17, 1942 letter to Kaiser from the WDLI, that employees, such as Dorothy Gula, who were engaged in new ship construction fell exclusively within the provision of the State compensation act in 1942. At that time, the Longshore Act did not expressly cover such employees. Petitioners' Br. at 8-9 (citing Zahler v. Department of Labor and Industries, 217 P. 55, 57 (S.Ct. Wash.1923)); E.R. 25.
 
 
 9
 Since 1911 and at all times relevant to this claim, Washington has excluded State coverage for workers covered under the federal maritime laws (the maritime exclusion). See, e.g., E.P. Paup Co. v. Director, OWCP, 999 F.2d 1341, 1348 n. 3 (9th Cir.1993); Lindquist v. Department of Labor and Industries of the State of Washington, 677 P.2d 1134, 1137 (Wash.1984). All parties agree that this state-federal balance of workers' compensation coverage for employees engaged in new ship construction was significantly altered by the decision in Calbeck v. Travelers Ins. Co., 370 U.S. 114 (1962), and subsequent congressional amendments to the Longshore Act. In Calbeck, the Court held that individuals employed in new construction of ships were entitled to workers' compensation relief under the Longshore Act. Congress subsequently amended the Longshore Act to extend coverage to such employees. Pub.L.No. 92-576, § 2(c), 86 Stat. 1265 (codified as amended at 33 U.S.C. § 903(a)). The law applicable to this case is that in existence on May 12, 1987, the date Dorothy Gula was disabled by manifestation of her disease, not that in place at the time she was exposed to asbestos. SAIF Corp./Oregon Ship v. Johnson, 908 F.2d 1434, 1438-39 (9th Cir.1990). The result is that Calbeck and the subsequent Longshore Act amendments apply; and Dorothy Gula was, therefore, covered by the federal Act. According to Washington law, she was not covered by the WDLI if she was covered by the federal Act. Petitioners' contentions to the contrary ignore the settled law.
 
 
 10
 Petitioners also failed to show that the premiums Kaiser paid to the WDLI were in excess of those required for State workers' compensation coverage. E.R. 92. Further, even if Petitioners established that the WDLI provided Longshore coverage, they failed to show that Kaiser's subcontractor, Northwest, in fact obtained such insurance. The only evidence Petitioners set forth on this important issue is the subcontract's provisions requiring insurance, Maritime Commission insurance instructions, and testimony by two individuals lacking any personal knowledge of whether or from what source Northwest obtained the requisite Longshore insurance.
 
 
 11
 Contrary to Petitioners' assertions, we are satisfied with the conclusion that the record suggests Northwest more likely than not commenced operations as an uninsured subcontractor. See E.R. 17. In the absence of any evidence that Northwest obtained insurance at all, let alone from the WDLI, the ALJ's conclusion that Kaiser--as the general contractor of an uninsured subcontractor--is liable for compensation owed is supported by substantial evidence.
 
 III.
 
 12
 Petitioners claim that liability for Gula's claim should lie with the WDLI under principles of equity and contract reformation. The record indicates that the ALJ and the Board considered and rejected the arguments Petitioners now frame in equity and reformation language. We agree with the ALJ's finding of insufficient evidence to establish an agreement or exchanged promises between Kaiser and the WDLI concerning workers' compensation for employees covered by the Longshore Act. Washington law consistently excluded such employees from coverage under the State's statutory scheme. Thus, Petitioners to some extent are requesting reformation of the law rather than of a purported contract for insurance. See E.R. 90, 93 (citing Wash.Rev.Code § 51.12.100; 1919 Wash.Laws 136, ch. 67, § 2; 1925 Wash.Laws 172, ch. 111, § 1; 1931 Wash.Laws 240, ch. 79, § 1; McDougall v. E.P. Paup Co., 21 BRBS 204, 209 (1988)).
 
 
 13
 Like the ALJ, we also reject the inference that premiums paid to the WDLI by Kaiser were for Longshore coverage or that Kaiser relied on the statements in the WDLI's February 17 letter. "[T]here is no evidence that Kaiser Company sought or obtained federal longshore insurance from WDLI or discontinued its separate, private longshore insurance [in response to the February 17 letter]." E.R. 92. We are satisfied that the evidence fails to support Petitioners' argument that a mutual mistake occurred among the parties. Further, enforcement of an implied agreement through equitable or reformation principles would be foreclosed by Supreme Court precedent and federal and State workers' compensation statutes.
 
 
 14
 After an independent review of the administrative record, we will not disturb the Benefit Review Board's affirmance of the ALJ's order holding Kaiser--through its carrier, Transamerica--liable for the compensation owed Gula under the Longshore Act.
 
 
 15
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 16
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3