122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher J. FORSTER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; J.M.
Martinac Shipbuilding; Eagle Pacific Insurance
Company, Respondents.
 No. 96-70845.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Petition for Review of an Order of the Benefits Review Board
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Christopher J. Forster petitions for review of the order of the Benefits Review Board ("Board") affirming the decision of the administrative law judge ("ALJ") denying Forster permanent disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. We have jurisdiction pursuant to 33 U.S.C. § 921, and we deny the petition.
 
 
 3
 We uphold the ALJ's findings when they are supported by substantial evidence. See Container Stevedoring Co. v. Director, OWCP, 935 F.2d 1544, 1546 (9th Cir.1991). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation and internal quotations omitted).
 
 
 4
 Forster contends that the ALJ erred in finding that he did not sustain an injury to his left arm in the course of and during the scope of his employment. He also contends that the ALJ erred in finding that he suffered no physical or psychological impairment as a result of the February 1989 industrial accident. These contentions lacks merit.[1]
 
 
 5
 Section 20(a) of the LHWCA presumes, in the absence of substantial evidence to the contrary, that a claim for compensation for an occupational injury falls within its provisions. See 33 U.S.C. § 920(a). This statutory presumption "may be overcome by evidence specific and comprehensive enough to sever the potential connection between the disability and the work environment." Parsons Corp. v. Director, OWCP, 619 F.2d 38, 41 (9th Cir.1980) (citation omitted). If an employment-related injury aggravates a pre-existing condition and results in disability, an employer must fully compensate the employee for the resulting disability. See Saif Corp./Oregon Ship v. Johnson, 908 F.2d 1434, 1441 (9th Cir.1990). We uphold the ALJ's credibility determination unless it conflicts with "the clear preponderance of the evidence" or is "inherently incredible or patently unreasonable." Cordero v. Triple A Machine Shop, 580 F.2d 1331, 1335 (9th Cir.1978) (citations omitted). Where there is a conflict in the medical testimony, the ALJ is not bound to accept the opinion of any medical examiner. See Walker v. Rothschild Int'l Stevedoring Co., 526 F.2d 1137 1139-40 (9th Cir.1975).
 
 
 6
 Here, in February 1989, a refrigeration pipe fell on Forster and struck the right side of his head and his right shoulder. Two physicians concluded that the February 1989 accident probably aggravated a pre-existing left arm neuropathy. However, the ALJ noted, among other things, that Forster worked for seven months after the accident without complaint, that he did not report the left arm problem to a physician until November 1989, and that Forster was not a credible witness regarding his pain.[2] Thus, the ALJ's finding that Forster's employer rebutted the presumption that his arm condition was caused or aggravated by the industrial accident is supported by substantial evidence. See Parsons Corp., 619 F.2d at 41.
 
 
 7
 The ALJ also rejected Forster's claim that he suffered impairments relating to cognitive difficulties, psychological problems, and chronic pain as a result of the accident. The ALJ weighed the medical testimony and credited those opinions which found that Forster had no work restrictions. The ALJ is the judge of the credibility of medical witnesses and is free to choose which opinions to accept or reject. See Walker, 526 F.2d at 1139-40. The ALJ also found that Forster's subjective complaints were not credible, noting, among other things, that Forster returned to work for seven months after the February 1989 accident, that he maintained his eligibility for prior disability benefits by leaving work in October 1989, and had mischaracterized his income and physical activities in documents relating to the prior disability benefits. The ALJ's credibility determination does not "conflict with the clear preponderance of the evidence" and is not "inherently incredible or patently unreasonable." See Cordero, 580 F.2d at 1335. Thus, the ALJ's finding that Forster did not suffer a physical or psychological impairment as a result of the accident is supported by substantial evidence. See Container Stevedoring Co., 935 F.2d at 1546.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we find that the ALJ's conclusions were supported by substantial evidence, we need not reach Forster's additional contention that the employer has not met its burden of showing suitable alternative employment
 
 
 [2]
 The ALJ also noted that one of Forster's physicians later diagnosed a diabetic condition which contributed to an underlying polyneuropathy. However, the later diagnosis did not appear to change the physician's conclusion that the left arm neuropathy was related to the industrial accident "on a more probable than not basis."