139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gail GOERTEMILLER, Widow of Donald Goertemiller and Guardian
Ad Litem for Eugenia Joy Fields; Eugenia Joy
Fields, Petitioners,
v.
Director, Office of Workers Compensation Programs; Triple A
Machine Shop South; Fireman's Fund Insurance
Company, Respondents.
Director, Office of Workers Compensation Programs; Triple A
Machine Shop South; Fireman's Fund Insurance
Company, Petitioners,
v.
Gail GOERTEMILLER, Widow of Donald Goertemiller and Guardian
Ad Litem for Eugenia Joy Fields; Eugenia Joy
Fields, Respondents.
 No. 96-70759, 96-70985.
OWCP No. 18-46910 BRB No. 94-262B.
OWCP No. 18-46910 BRB No. 94-262/AB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1998.
Decided Feb. 24, 1998.
 
 Petition for Review of an Order of the Benefits Review Board.
 Before WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 Gail Goertemiller, in her capacity as the surviving spouse and as guardian ad litem for her adult dependent daughter, filed claims under Section 19(a) of the Longshore and Harbor Workers' Compensation Act (Longshore Act), 33 U.S.C. §§ 901-50 (1986). She alleged that asbestos exposure while in the employ of various maritime employers caused her husband's illness and death.
 
 
 3
 The ALJ determined that a minimum latency period of 20 years for asbestos-related cancers precluded liability for Triple A during the period it was covered by Fireman's Fund. The ALJ reasoned that, as the latency period was 20 years, the last exposure that could have caused Mr. Goertemiller's cancer was in 1970, two years before he began working at Triple A. The ALJ thus denied the claim against Triple A and Fireman's Fund.
 
 
 4
 The ALJ held in the alternative that, should this court find the latency period irrelevant, the last exposure sufficient to have caused the cancer occurred before 1977 when Mr. Goertemiller was working for Triple A. The ALJ reasoned from the totality of the evidence presented that exposure after 1977, when controls on asbestos were imposed throughout the shipbuilding industry, was minimal and not in sufficient quantities to cause Mr. Goertemiller's fatal disease.
 
 
 5
 Mrs. Goertemiller petitions for review of the Benefits Review Board's affirmance of the ALJ's decision denying benefits from Triple A. The Director of the OWCP cross-petitions and contends the ALJ's alternative findings of fact and conclusions of law are not supported by substantial evidence.
 
 STANDARD OF REVIEW
 
 6
 Questions of law are reviewed de novo. General Ship Serv. v. Dir., OWCP, 938 F.2d 960, 961 (9th Cir.1991). This court accords deference to the OWCP Director's interpretations of the Longshore Act. Id. Because the Benefits Review Board (Board) is an adjudicatory, not a policy making agency, it is not accorded deference in its statutory interpretation. Port of Portland v. Dir ., OWCP, 932 F.2d 836, 838 (9th Cir.1991).
 
 
 7
 The Board "may not substitute its views for those of the ALJ, but instead must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence." King v. Dir., OWCP, 904 F.2d 17, 18 (9th Cir.1990). Findings of fact must be supported by substantial evidence. Substantial evidence "means more that a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lockheed Shipbuilding v. Dir., OWCP, 951 F.2d 1143, 1144-45 (9th Cir.1991).
 
 
 8
 This court must "review the Board's decision for errors of law and adherence to the substantial evidence standard, and ... may affirm on any basis contained in the record." Cretan v. Bethlehem Steel Corp., 1 F.3d 843, 845 (9th Cir.1993).
 
 DISCUSSION
 
 9
 The last employer rule was first articulated in Travelers Ins. Co. v. Cardillo, 225 F.2d 137, 145 (2d Cir.1955). The rule allocates liability to the last employer during which the employee was exposed to injurious stimuli. The last employer rule was adopted by the Ninth Circuit in Cordero v. Triple A Machine Shop, 580 F.2d 1331, 1337 (9th Cir.1978).
 
 
 10
 In Lustig v. Dir., OWCP, 881 F.2d 593, 596 (9th Cir.1989), this court explicitly held that evidence of latency periods shall not affect the allocation of liability according to the last employer rule. The court held that the introduction of the latency period "suggests an unwarranted change" of the last employer rule, a change it declined to adopt. Id.
 
 
 11
 In this case, there is nothing in the record which indicates with any scientific accuracy that the latency period is exactly 20 years. The last employer rule was grounded not in scientific accuracy, but in the recognition that such accuracy was logistically inaccessible. Furthermore, the Lustig court made it clear that as a matter of law, latency periods are not to be factored into the last employer liability rule. Id. Although the ALJ's scientific observations about the holding of Lustig are interesting, they do not convince us that Lustig was wrongly decided. Therefore, the ALJ's decision regarding the minimum latency period is REVERSED.
 
 
 12
 Although the record does contain evidence pointing to an opposite result, we conclude after considering all the relevant testimony that the ALJ's alternative findings are both rational and supported by substantial evidence. In particular, the testimony of Dr. Markowitz satisfies our deferential test. Because there is no designation of an alternative benefits amount, however, we REMAND to the ALJ to adopt the alternative findings and to determine the appropriate amount of the award.
 
 
 13
 Petition granted, remanded for further proceedings consistent with this decision. Cross-petition denied.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3