139 F.3d 1273
 1998 A.M.C. 1540, 98 Cal. Daily Op. Serv. 2186,
98 Daily Journal D.A.R. 3041
 Aleksandr KASHUBA, Petitioner,
v.
LEGION INSURANCE CO., c/o Hamilton Ballard; Director,
Office of Workers Compensation Programs, Respondents.
NORTHWEST MARINE INCORPORATED; Legion Insurance Company, Petitioners,
v.
Aleksandr KASHUBA; Director, Office of Workers Compensation
Programs, Respondents.
 Nos. 96-70850, 96-70915.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1997.
Decided March 26, 1998.
 
 Jeffrey S. Mutnick, Pozzi Wilson Atchison, Portland, OR, for petitioner in No. 96-70850 and the respondent in No. 96-70915.
 Russell A. Metz, Metz & Associates, Seattle, WA, for respondents in No. 96-70850 and the petitioners in No. 96-70915.
 Petition to Review a Decision of the Benefits Review Board. BRB Nos. 95-1169, 95-1169A.
 Before: WOOD,* RYMER, and TASHIMA, Circuit Judges.
 TASHIMA, Circuit Judge:
 
 
 1
 Aleksandr Kashuba filed a claim for compensation and notice of injury pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). 33 U.S.C. §§ 901-950. The Administrative Law Judge ("ALJ") granted an award of temporary total disability compensation, but found that Kashuba was not entitled to a permanent partial disability award or medical benefits. In No. 96-70850, Kashuba petitions for review of the Benefits Review Board's ("BRB" or "Board") order affirming the ALJ's decision.[1] In No. 96-70915, Northwest Marine, Inc. and Legion Insurance Company (collectively "Employer") seek review of the finding that Employer was not prejudiced by Kashuba's failure to give timely notice of his injury. We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we grant Employer's petition. Because we find that Employer was prejudiced by the lack of timely notice, Kashuba is not entitled to benefits, and his petition is therefore denied.I. STANDARD OF REVIEW
 
 
 2
 The ALJ's findings must be accepted unless contrary to law, irrational, or unsupported by substantial evidence. See Port of Portland v. Director, OWCP, 932 F.2d 836, 838 (9th Cir.1991).
 
 
 3
 We ordinarily review the BRB's decisions for errors of law and adherence to the substantial evidence standard. Id. In this case, however, the BRB's "decision" was an artifact of Public Law No. 104-134, and it is inappropriate to give deference to an affirmance that did not result from adjudication. Accordingly, we proceed to review the ALJ's decision directly, and will reverse only for errors of law or failure to adhere to the substantial evidence standard.
 
 
 4
 Jones Stevedoring Co. v. Director, OWCP, 133 F.3d 683, 687 (9th Cir.1997); see also Bunge Corp. v. Director, OWCP, 951 F.2d 1109, 1111 (9th Cir.1991).
 
 II. BACKGROUND
 
 5
 Kashuba filed his claim on October 21, 1991, alleging that he injured his back on June 14 or 15, 1991, lifting heavy cans of paint while working for Employer. However, he did not notify Employer of the injury, and, in fact, on September 12, 1991, underwent surgery for back pain.[2] The October 21 claim was Employer's first notice of the June 14 injury.
 
 
 6
 Employer filed a Notice of Controversion of Right to Compensation, asserting that Kashuba had not reported the injury and Employer had no knowledge of it. After a hearing, the ALJ concluded that Employer was not prejudiced by Kashuba's failure to give timely notice and so ordered Employer to pay temporary total disability for the period of June 16, 1991, through December 17, 1991, but denied Kashuba's claim for permanent disability and for medical benefits.[3]
 
 III. DISCUSSION
 
 7
 33 U.S.C. § 912(a) provides that notice of an injury must be given to the employer within thirty days after the employee is aware or should have been aware of a relationship between the injury and the employment. However, § 912(d)(2) provides that failure to give such notice does not bar a claim, if the deputy commissioner determines that the employer has not been prejudiced by the delay.
 
 
 8
 Under the LHWCA, it is presumed that sufficient notice of a claim has been given, absent substantial evidence to the contrary. 33 U.S.C. § 920(b). Therefore, the burden is on Employer to establish by substantial evidence that it was prejudiced by Kashuba's failure to give timely notice of the injury. See Bivens v. Newport News Shipbuilding and Dry Dock Co., 23 BRBS 233, 1990 WL 284061, * 4 (Ben.Rev.Bd.1990).
 
 
 9
 The ALJ found that Employer had failed to meet this burden, stating that evidence must be presented of an employer's post-notice attempts to investigate the facts of an injury in order to establish prejudice, and that Employer had failed to put forth any such evidence. The ALJ relied on ITO Corp. v. Director, OWCP, 883 F.2d 422 (5th Cir.1989), for this conclusion; however, ITO Corp. does not require evidence of an employer's post-notice attempts to investigate. See id. at 424. In ITO Corp., the court merely found that a general claim that the employer had "no opportunity to investigate the claim when it was fresh" was not persuasive. Id.
 
 
 10
 While this Circuit has not required evidence of post-notice investigation in order to show prejudice, we have not established what evidence would be sufficient. The Fifth Circuit has stated that an employer can establish prejudice by providing substantial evidence that failure to receive timely notice of the injury has impeded its ability to investigate to determine the nature and extent of the alleged illness or to provide medical services. See Strachan Shipping Co. v. Davis, 571 F.2d 968, 972 (5th Cir.1978). We conclude that evidence of the employer's post-notice attempts to investigate the claim is not required to establish prejudice. The ALJ thus erred in requiring such evidence. Evidence that lack of timely notice did impede the employer's ability to determine the nature and extent of the injury or illness or to provide medical services is sufficient; a conclusory allegation of prejudice is not.
 
 
 11
 Employer did not receive notice of Kashuba's claim until four months after the alleged injury and nearly six weeks after Kashuba had undergone back surgery. Furthermore, as the ALJ acknowledged, there were many credibility problems with Kashuba's claim. See ALJ Decision and Order at 11 (noting "significant credibility problems," "claimant's nebulous, date-unspecific testimony," and problems of his "friendly witnesses' attestions [sic]"). These problems include the following: (1) The lifting injury Kashuba reported in April 1991 could have occurred sometime in March when he was not working for Employer; (2) On June 21, 1991, a few days after the alleged injury, Claimant reported to a nurse that his back and leg pain had decreased since his April 1991 appointment; (3) No lifting injury was reported at a July 8, 1991, appointment, and the physician's report indicated no exacerbating features to his back pain; (4) Lifting of paint cans was not indicated on an August 12, 1991, report; (5) The testimony of the only witnesses to the injury was "elicited in leading fashion on the crucial facts," ALJ Opinion and Order at 8.
 
 
 12
 Employer also contends that the untimely notice precluded it from conducting a prompt investigation to determine whether the accident had even occurred and its possible relationship to Kashuba's history of back problems, pointing out that Kashuba did not disclose his 1984 spinal injury on his employment application, a fact that would have magnified the need for prompt investigation. Finally, Employer argues that if it had received timely notice of the injury, it could have participated in Kashuba's medical care by, for example, taking measures to prevent him from suffering additional disability and, thus, perhaps avoiding surgery. We agree that Employer should have been able to get a second opinion before Kashuba underwent surgery or at least been informed before such a major procedure.
 
 
 13
 In light of the foregoing, the ALJ's finding that Employer was not prejudiced by the lack of timely notice is not supported by substantial evidence. The credibility problems, including the problems with dates and Kashuba's reports of back pain, indicate that if Employer had received timely notice of the injury, it may have been able to produce the "specific and comprehensive" evidence it needed to sever the presumed connection between Kashuba's injury and the employment. Parsons Corp. v. Director OWCP, 619 F.2d 38, 41 (9th Cir.1980). Employer thus was prejudiced by its inability to disprove that it had any liability for the claim at all.
 
 
 14
 Our conclusion is supported by the purposes behind the timely notice requirement-effective investigations, providing effective medical services, and preventing fraudulent claims. See Port of Portland, 932 F.2d at 841 (noting that the primary purposes of the notice requirement are "to protect employers and insurers from fraudulent claims and to facilitate prompt investigation of injurious working conditions"); Sun Shipbuilding & Dry Dock Co. v. Bowman, 507 F.2d 146, 152 (3d Cir.1975) ("Certainly a major reason for the thirty-day notification rule is to protect the employer from meritless claims by enabling it to undertake a prompt investigation to determine the nature and extent of the employee's alleged injury.").
 
 
 15
 For the foregoing reasons, we GRANT the petition for review in No. 96-70915, and reverse the order affirming the ALJ's finding that Employer was not prejudiced. The prejudice resulting from the lack of timely notice also precludes Kashuba from receiving permanent disability compensation and medical benefits. We therefore DENY Kashuba's petition, in No. 96-70850.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 The Board did not review the ALJ decision but affirmed it pursuant to the Omnibus Consolidated Rescission and Appropriations Act of 1996, Pub.L. No. 104-134, 1996 U.S.C.C.A.N. (110 Stat.) 1321, 1321-219, which provides that cases pending before the Board for more than one year are considered affirmed if not acted upon before September 12, 1996. Thus, the ALJ's decision is the final agency decision
 
 
 [2]
 In 1984, Kashuba fractured his back in an automobile accident in the former Soviet Union, leaving him hospitalized for twenty days, bedridden several months, and unable to work for three years. At a refugee health screening in January 1990, he reported this injury and complained of continued back pain. Kashuba did not make any other complaints of back pain until April 1991, when he reported lifting a heavy object three weeks earlier
 
 
 [3]
 Kashuba has withdrawn a challenge to the amount of the temporary total disability award